## Rugg vs. Spencer.

Where an order made by a county judge requiring a judgment debtor to appear before a referee and answer on oath concerning his property, recites, expressly, that it had been made to appear before such judge, "by the affidavit" of one of the attorneys of the plaintiff, that judgment had been recovered in the action; that execution thereon, against the property of the defendant therein, had been duly issued; and that said judgment remained wholly unpaid, such recital is clearly sufficient, *prima facie*, to show that such proof had been made by a regular affidavit. It is a presumption which the law raises, in support of judicial authority and proceedings.

The order speaks for itself; and as all the necessary facts, to constitute it a regular and valid order, appear upon its face, it will be deemed to be such, until the contrary is made to appear.

The fact that no proof by affidavit was in fact made, before the county judge, when he issued the order, is not sufficiently shown, to rebut the *prima facie* proof of the recital in such order, by the production of a paper in the form of an affidavit, found on file in the office of the county clerk, reciting the facts as set forth in the order, signed by the plaintiff's attorney, but not sworn to, and having no jurat attached; although such paper has an indorsement upon it, purporting that it had been read on motion at chambers, before the county judge, and filed as of the same date as the order.

The mere presentation of such a paper, on the trial, without any evidence to show by whom the indorsement thereon was made, or how the paper came to be on file in the clerk's office, is no proof of any fact in the case, and does not tend, in any degree, to disprove the recital in the order.

In a proceeding before a county judge, under the chapter of the Revised Statutes relative "to proceedings as for contempts, to enforce civil remedies and to protect the rights of parties in civil actions," (2 *R. S.* 534,) the judge found that the person proceeded against had been guilty of the misconduct charged, (failing to appear before a referee and be examined, in supplementary proceedings;) and he also found, as was recited in the order made thereon, that such misconduct and contempt was calculated to, and did, actually impair, impede, *defeat* and prejudice the rights of said plaintiff," &c.; and he was adjudged guilty of the contempt, and ordered to pay a fine, which it was expressly declared in the order, was imposed to indemnify the plaintiff in the action, not only for his costs and disbursements in that proceeding, but also "for the damage and loss sustained by said contempt, in the defeat of said proceeding." *Held* that the adjudication or order was sufficient in form, even though the preliminary recital might be somewhat defective in not stating, expressly, that it appeared that actual loss or injury had been sustained by the plaintiff in the action.

*Held, also,* that the adjudication or order would have been valid without any such preliminary recital; and as it expressly appeared in the body of the

Rugg *v.* Spencer.

order that the fine was imposed to indemnify the plaintiff in the judgment, " for damage and loss sustained, in defeating the supplementary proceedings, the inference was conclusive that it did so appear before the judge, and that he so found.

Such a recital, though a very proper formal part of an adjudication or order of that kind, is not a vital and necessary part; nor is it at all conclusive as to the facts which were made to appear before the officer, or that no other facts appeared.

It is sufficient, *prima facie,* for what is contained in the recital. But the recital is no evidence that nothing else was shown, or made to appear.

THIS was an action for false imprisonment, in causing the plaintiff to be imprisoned in the Cattaraugus county jail. The defendant justified under proceedings supplementary to execution, in which the plaintiff herein was, for a failure to appear before a referee and be examined under oath, in respect to his property, in pursuance of an order of the county judge directing him to do so, adjudged guilty of a contempt and fined, and ordered to stand committed until the fine should be paid.

On the trial, at the circuit, before Justice DANIELS and a jury, the defendant offered no proof. The plaintiff asked the court to hold and decide that the order of R. Lamb, county judge, dated January 4, 1868, was void, by reason of the order supplementary having been issued without authority; also, that the warrant of commitment was void as to the defendant; also to hold and decide that the county judge had no authority, on the papers, without other and further proof of actual loss by the judgment creditor, Spencer, than that contained in the affidavits and judgment roll, to impose a fine beyond $250; also, to hold and decide that the adjudication of the county judge, dated January 10, 1868, was without jurisdiction, and void, having been made without legal or sufficient proof of actual loss; also to hold and decide that the affidavit of A. A. Bruce, bearing date December 26, 1867, was insufficient to prove a proper service of the order. Each of these requests was refused by the judge, and exception

Rugg *v.* Spencer. ·

taken. The court held that the affidavits and judgment were sufficient evidence of actual loss by the judgment creditor, to warrant the fine imposed by the judge upon the defendant, and the plaintiff duly excepted. Neither party desired any question of fact to be submitted to the jury, and the court thereupon nonsuited the plaintiff; to which ruling the plaintiff duly excepted.

The court ordered the exceptions taken to be heard in the first instance at general term.

*H. Woodbury,* for the plaintiff.

The records given in evidence on the trial show the order supplementary to execution to have been issued without proof on oath or affidavit, of the judgment, and issuing and return of execution unsatisfied. The county judge had no jurisdiction to issue such order without such proof. This question depends on the construction to be given to section 292 of the Code. The only authority upon which the ruling in this case was made was a decision made by the general term of this district in the early history of the Code, holding the party was entitled to the order as a matter of course. The court will not be embarrassed by such decision when others have been made of equal authority and better reason. The jeopardy to which the interest of any citizen would be exposed by such a practice is sufficient to condemn it. Power is given by section 298 of the Code to tie up the estate of a party by this order, which might have the effect to make him a bankrupt. Quite too serious consequences are visible for such a rule to meet the favor of the court. It is hard to discover the reason why it was intended to give this order without proof of a judgment, execution and return, when proof is required of all other orders in those extraordinary proceedings. How is this judge with limited jurisdiction to know there is such a judgment and

execution, if not informed by one of the ordinary modes of invoking the aid of such officers. The judgment was not in his court. The necessity of such an affidavit to obtain this order has been often held, directly or indirectly, ever since the adoption of the Code. (5 *How.* 446. 14 *Abb.* 251. 13 *id.* 418. 15 *id.* 475. 25 *How.* 85. 1 *Code R., N. S.,* 25, 91. 2 *Abb.* 457. 2 *Sand.* 765. 17 *How.* 157, 498. 25 *id.* 92.) In many of these cases the question was directly up. (5 *How.* 446. 18 *id.* 96. 1 *Code R., N. S.,* 25, 232. 10 *Barb.* 589. 30 *How.* 131.) The necessity of an affidavit cannot be regarded as an open question at this late day. In the old court of chancery, in proceedings on a creditor's bill, it was necessary for the recovery of the judgment, and the issuing and return of execution unsatisfied, to appear on the face of the bill, and to make proof of it on the trial. (16 *How.* 275. 8 *Paige,* 72.) In these proceedings the proof is required at the commencement. If it should be held the order supplementary was void, there was no contempt in disobeying the order dated January 4, 1868. The plaintiff was under no obligations to obey it. It was *coram non judice.* (5 *Hill,* 568. 7 *Abb.* 204. 14 *How.* 100. 13 *id.* 374.) The entire ground for issuing the second order was for a supposed contempt of what in fact was no contempt. There is nothing in the affidavits to call into exercise the judgment of the court, without which he had no right to issue the order. He could not at pleasure sit down and issue his mandate, and for a failure adjudge a citizen to jail because the defendant went his way to his merchandise. This is a case of jurisdiction, not of irregularity. (3 *Abb.* 301.) Making the second order was adding nullity to nullity. (23 *Barb.* 591, 601. 4 *Denio,* 118. 11 *John.* 175. 11 *Wend.* 648.) Suppose the affidavits had shown that the defendant in all things obeyed the order supplementary, would the judge have been justified in making the second

Rugg *v.* Spencer.

order? If he would not, what ground is there for the adjudication? The Code gives no power to punish for contempt until there is disobedience of a valid order. (*Sec.* 302.) In exercising the power, the Revised Statutes must be consulted. (13 *How.* 173. 2 *Sand.* 724. 1 *Duer,* 512, 519, 532. *N. Y. Stat. at Large, vol.* 2, *p.* 288. *Id. p.* 555, §§ 20–25.) The judge had no power without proof of actual loss or injury, to impose a fine beyond $250. (17 *Barb.* 179. 3 *id.* 109.) The affidavits prove no actual loss or injury. They only prove a hindrance—a delay. The statute by requiring proof of actual loss does not mean delay or hindrance, but intended to give a remedy where the defendant had done something, or something had transpired to produce actual loss or injury to the party in collecting his demand. It is not sufficient to defeat, impair, impede or prejudice the proceedings supplementary. For all that, the offender becomes liable to be fined not exceeding $250. This construction gives meaning to both sections. Section 21 was intended to supply a remedy to the party for a wrong where no other existed. It was not the intention of the law to authorize a court to impose an unlimited fine where the only offense of the party was a refusal to obey a process requiring his attendance before such court. Such power would be too liable to abuse. If a judge could impose $417.58, he could impose $100,000, if the judgment was sufficient. No such construction should be tolerated. How did the judge ascertain the plaintiff's loss was $397.58? The judgment roll was not in his court; neither was it before him as one of the papers on which he was acting. No proof had been before him in any of the proceedings as to the amount of the judgment, except the statement in Bruce's affidavit, that the judgment was $300. How did that prove a loss of over $397? The proof before the judge, instead of proving actual loss, proved the judgment collectable, and there was noth-

Rugg *v.* Spencer.

ing tending to prove any loss or injury.   The proof simply showed a disregard of the order, the only effect of which was to hinder the plaintiff's proceedings supplementary, and incurring the expenses of costs to the amount of $20. How can it be made out·by the papers that the plaintiff in the proceedings lost the whole of his judgment?   Such a pretense is idle.   The statute only authorizes a fine under section 21 to the extent of the actual loss or injury. The adjudication does not determine there was any actual loss or injury.   The judge did not so find such determination, and finding is necessary to authorize the fine. (9 *Paige,* 378.)   The proof shows the plaintiff was imprisoned by the direction of the defendant.   (11 *Barb.* 642. 3 *Hill,* 523.   6 *Barb.* 79.   2 *Cowen,* 517.)   The plaintiff proved the imprisonment,. and the defendant, to escape liability, was bound to show jurisdiction in all the proceedings by which the plaintiff was imprisoned.   (17 *Wend.* 32.   11 *John.* 444.   7 *Hill,* 35, 39.   1 *Denio,* 592, 595.   5 *Hill,* 242.)

There is another question in this case, which is worthy of consideration.   The defendant in the proceedings was held for contempt in not appearing before the referee and submitting to an examination.   That was an act which he was still able to perform, and those facts appeared before the judge.   We say this particular case is provided for by section 23 of the statute referred to, which is imperative, and the judge was bound to exercise his power under that section.   That his jurisdiction was limited to the power conferred upon him by the statute, and he was bound to pursue that strictly, which limited him to impose a fine sufficient to indemnify the plaintiff for his actual loss or injury, which were the expenses incurred by the suplementary proceedings, and imprison the defendant until such fine was paid, and until he should submit to an examination.   All of which should have

Rugg *v.* Spencer.

been provided for in the adjudication and commitment. He had no jurisdiction to make any other adjudication.

*Torrance & Allen,* for the defendant.

I. One question presented by the case was this: Was it necessary to make proof, by affidavit, of the judgment, and the return of an execution unsatisfied thereon, before the county judge who issued the order for the defendant to appear and answer concerning his property, in order to give the judge jurisdiction to punish the defendant for a contempt for disobeying said order. The order was issued under subdivision 1st of section 192 of the Code of Procedure, which is, in substance, "that at any time after the return of an execution unsatisfied upon any judgment, &c., the judgment creditor is entitled to an order from the judge of the court, or a county judge, * * * requiring such judgment debtor to appear and answer concerning his property." Under this subdivision no proof is required to be made before the judge, to entitle the judgment creditor to the order. Subdivisions 2 and 4 of the same section expressly require proof by affidavit to be made to entitle the judgment creditor to the benefit of their provisions, respectively. Inasmuch as proof by affidavit is expressly required under these two last subdivisions, and is not so expressly required under the first subdivision, it is insisted that it was the manifest intention of the legislature not to require such proof in order to institute the proceedings provided for in the first subdivision. More than this, the first subdivision declares it to be the right of the judgment creditor, when the facts therein mentioned exist, to have the order granted. The language used is as explicit as could be employed for that purpose. It is that the judgment creditor is entitled, &c. This question is settled by the decision of the court at general term in this district, in the case of *Scott, receiver &c.* v. *Durfee,* not reported, the opinion in which was delivered by Justice

Marvin, at general term.(*a*)   No decision in conflict with this has ever been made.   It is a mere question of practice before the judge making the order, whether he will require proof under the first clause of section 292, as a prerequisite to the issuing of the order therein provided for.   It is not a jurisdictional question.

(*a*) The opinion referred to was as follows:

*By the Court,* MARVIN, J.   One of the questions presented was whether the plaintiff had been legally appointed receiver.   The referee decided that he had not been duly appointed receiver, and that he therefore had no right or title, as receiver, to recover in the action.

A judgment was recovered against Samuel C. Durfee, in favor of George Knight; also another judgment, in favor of John Weirs; also another judgment, in favor of Jehial W. Edson.   It was proved on the trial, that executions were duly issued, and returned unsatisfied.   The judgments were rendered in justice's court, and transcripts had been filed in the county clerk's office, and the county clerk had issued the executions.   The case contains a certified copy of the record of certain proceedings supplementary to execution.   It contains a certified copy of the execution against Samuel C. Durfee, in favor of Weir, and another in favor of Knight, with returns made thereon. These were presented to the county judge, who thereupon made an order for Durfee to appear before him at, &c., to make discovery on oath concerning his property, &c., in each of the cases, dated March 18, 1857.   The day for appearance was the 21st of March.   The orders were served upon Durfee, the judgment debtor.   March 21st the county judge made an order for the appointment of Allen D. Scott, receiver.   The order is entitled, Cattaraugus County Court, "John Weir against Samuel C. Durfee;" and the like court, "George Knight against Samuel C. Durfee."   It refers to the previous orders, and to the fact that the defendant had been examined before him, on oath, and then appoints Allen D. Scott receiver, and directing that such receiver, before entering upon the execution of his trust, "execute to the clerk of this court a bond, with sufficient sureties to be by me approved, &c., and that said Allen D. Scott, file such bond in the office of the clerk of Cattaraugus county; that the sum of $9 be allowed to each of said plaintiffs for costs," &c. Scott executed a bond with sureties, dated March 21, 1857, and which was approved by the county judge.   This bond is to "the clerk of the Supreme Court of the State of New York."   Supplementary proceedings were subsequently had in favor of Edson, to which I shall presently advert.

Let us now inquire whether Scott was clothed with the powers of receiver, under the proceedings already noticed.   The orders to appear and answer were not founded upon any affidavit.   They were made upon certified copies of the executions issued, and returns made, by the sheriff.   It is insisted by the defend-

Rugg *v.* Spencer.

II. Section 302 of the Code of Procedure provides that any person disobeying any order of the judge or referee, duly served, may be punished as for contempt. The plaintiff had no right to disobey the order, conceding that proof was necessary before the judge, and that none was made.

III. Before the order of January 10, 1868, convicting the defendant for a contempt, was made by the county

ant's counsel that there should have been evidence by affidavit or otherwise of all the facts specified in the statute authorizing this proceeding. It is not claimed by the counsel for the plaintiff that the executions, and returns indorsed thereon, were evidence of judgments, but the position is taken that no proof of any kind was necessary. That if the facts actually existed which authorized the proceedings, the judge had jurisdiction to make the order. This case was under the first provision of section 292 of the Code. It will be seen by reading it that nothing is said of an affidavit, or of proof of any kind. It provides for cases where an execution against the property of a judgment debtor, issued to the sheriff of the county, &c., is returned unsatisfied in whole or in part, and declares that the judgment creditor at any time after such return made, is entitled to an order from a judge of, &c., requiring such judgment debtor to appear and answer concerning his property, before such judge, at a time and place specified in the order, within the county to which the execution was issued.

In my opinion, the position of the plaintiff's counsel is correct. The statute does not require any proof of the facts which must have existed in order to justify the making of the order. If the fact specified in the statute existed, the judgment creditor was entitled to the order, and the judge had jurisdiction to issue it. Of course, in obtaining and proceeding upon the order, the creditor and the judge acted at their peril. Several cases were referred to, upon the argument, by the respective counsel, but most of them have little application to the question here presented. The cases arising upon certain provisions relating to the jurisdiction of justices' courts, in the Revised Statutes, as changed or modified by certain provisions in the act of 1831, to abolish imprisonment for debt, have been consulted. The question presented in some of those cases related to the construction to be given to certain provisions of the latter act. Thus by the Revised Statutes the first process in certain cases specified, was to be a summons returnable in not less than six, or more than twelve days. It was declared, however, that no person should be proceeded against by summons out of the county in which he resided. If the defendant was a non-resident of the county, the justice, upon application, was to issue a warrant. In such a case an affidavit was necessary.

By the act of 1831 arrests in certain cases were prohibited, and no warrant could be issued against a defendant in a case where an execution on the judg-

judge, the said judge had, on the 4th of January, granted an order for the defendant to show cause before him, at his chambers in Ellicottville, Cattaraugus county, on the 10th day of January, 1868, at 2 P. M., why he should not be punished for his misconduct in disobeying the order to appear before the referee and answer, &c. This order was granted upon due proof of the due service upon the de-

ment could not be issued against the body. It was then provided that when a warrant could not be issued, and the defendant resided out of the county, he might be proceeded against by a summons or attachment returnable not less than two, nor more than four days from date. If the defendant was proceeded against otherwise, it was declared that the justice should have no jurisdiction of the cause. (*See Laws of* 1831, *ch.* 300, *pp.* 30–33.) In *Clark* v. *Luce,* (15 *Wend.* 479,) it was held that an attachment could be issued by a justice against a defendant residing out of the county, without any affidavit. In making this decision the court overlooked, or did not give effect to, section 43 of the act of 1831, which declared that all the provisions of title 4 (the justice's act in the Revised Statutes) not expressly repealed, and not inconsistent with the provisions of that act, were to be in full force, and to apply to the provisions of the act, so far as the same related to the proceedings in courts before justices of the peace. In *Taylor* v. *Heath,* (4 *Denio,* 592,) *Clark* v. *Luce* is reviewed, and the act of 1831 more fully examined; and as by the Revised Statutes no attachments could be issued without an affidavit, it was held that such requirement of the Revised Statutes was still in force, and applied to the attachment given by the 33d section of the act of 1831. The same decision was made in *Bennett* v. *Brown,* (4 *N. Y.* 254.) The decision simply gave constructions to statutes, holding that by the statutes an affidavit was required. But for such construction of the statutes, *Clark* v. *Luce* would not have been overruled.

It will be noticed that the cases here referred to were cases of *attachment,* not summons. In *Waters* v. *Whitamore,* (13 *Barb.* 634,) it was decided that an affidavit was necessary to uphold a short *summons,* issued under the 33d section of the act of 1831 against a non-resident. This decision is not supported by authority, and has not, I think, been followed. The learned judge supposes that the summons mentioned in section 33 is a substitute for the warrant given by the Revised Statutes against a non-resident defendant, and as no warrant could issue without an affidavit, he supposes that the summons could not. This did not follow. By the Revised Statutes no affidavit was necessary in any case when the action was commenced by summons, and section 43 of the act of 1831 did not, by retaining in force the provisions of the Revised Statutes, and applying them to the provisions of the act of 1831, so far as they related to proceedings in courts before justices of the peace, require an affidavit in the

Rugg *v.* Spencer.

fendant of the order for him to appear before the referee and answer, &c. At all events, the order to show cause was duly made, and was duly served on the defendant. on the 7th day of January, together with copies of all the affidavits and orders made in the case. There is no defect in the papers upon which the order to show cause was granted. By that order the defendant was summoned before the judge to show cause, if he had any, why the judge should not further proceed and punish him as for a contempt in disobeying the first order made by the judge. It was the business of the defendant to go before the judge upon the return of said order to show cause, and show his reasons for disobeying the first order. When required to do so,

new case of summons given in section 33. But as by the Revised Statutes an affidavit was required in cases of attachments, the effect of section 43 was to require an affidavit for the attachment given in section 33 of the act of 1831. Hence the decisions in *Taylor* v. *Heath* and *Bennett* v. *Brown,* (*supra,*) to which the judge refers in *Waters* v. *Whitamore;* but they are no authority for the decision in that case. It has been seen that in all these cases the decisions turned upon the construction given to the statutes. Aside from the statutes, no doubt would have existed as to the jurisdiction of a magistrate to issue process authorized under a specified state of facts, without an affidavit of the existence of those facts. In the absence of any requirements that such affidavit should be made, the plaintiff would act at his peril.

If the facts necessary to give jurisdiction did not exist, and the party and justice proceeded, to the damage of the defendant, they would be liable as in other cases of a destitution of jurisdiction. If an action should be brought, founded upon the proceedings, it would be necessary to aver all the facts required to give jurisdiction; and so if the proceedings are attacked, the party defending under them must aver and prove the facts necessary to the jurisdiction. This is the general rule. In *Whitney* v. *Shufelt,* (1 *Denio,* 592,) the question in *Barnes* v. *Harris,* (4 *N. Y.* 375,) arose on the pleadings. It was an action founded upon a justice's judgment obtained in an action upon contract, commenced by a long summons under the Revised Statutes. As we have seen, a summons was authorized under certain specified circumstances. (2 *R. S.* 228, 314.) The pleader, in the complaint, did not state all the circumstances mentioned in the statute. He did not state that the defendant was a resident of the county in which he was proceeded against by the long summons, and as the Revised Statutes declared that no person should be proceeded against by summons out of the county in which he resides, it was supposed by the defendant's counsel that his residence should have been averred in the

he failed to show any cause, and the judge properly pro-ceeded and made the final order in the case.

Section 302 of the Code, contained in the chapter re-lating to supplementary proceedings, provides: "If any person, party or witness disobey an order of the judge or referee, duly served, such person, party or witness may be punished by the judge as for a contempt." It is to be ob-served that this section only requires that the order should have been duly served, in order to give the judge jurisdic-tion. It is not required that the order should be duly made, in order to give the court jurisdiction. If the order is not duly made, it is a question of practice or regularity, to be taken advantage of before the judge by objection.

IV. The plaintiff did not request that any question of

complaint, to show that the justice had jurisdiction, and a demurrer was inter-posed. It was held that the demurrer was not well taken; that such summons was the ordinary process of the court, and was lawfully issued upon the appli-cation of the plaintiff. Justice Bronson dissented. The question was one of pleading. It was not suggested, nor has it ever been, that an affidavit of the facts specified in the Revised Statutes authorizing a summons, should be made, in order to give the justice jurisdiction. The summons is issued upon the simple application of the party, and if it turns out that it was issued in a case where the justice had no jurisdiction, the action is dismissed. Jurisdiction may depend upon the residence of the parties and the justice in the same county.

As the Code, section 292, in a case like the present, does not require an affi-davit, or any proof of the facts there specified, I am of the opinion that no affidavit or proof is necessary, to give the judge jurisdiction to make the order; that the question of jurisdiction depends upon the existence or non-existence of the facts specified in the statute. In the remaining cases mentioned in that section "proof by affidavit" is required. And I think the better practice is to make an affidavit in all cases.

The defendant's counsel has cited several cases. The question was not in-volved in *Sackett* v. *Newton*, (10 *How.* 560;) nor in *Webber* v. *Hobbie*, (18 *id.* 382.) In *Whitlock's case*, (1 *Abb.* 320,) there was an affidavit. It was objected that it was insufficient. The court held it sufficient. The question I have been con-sidering was not made or considered. It seems to have been assumed, as I think it has generally been, that an affidavit was necessary. In *The People* v. *Hulburt*, (5 *How.* 446,) there was an affidavit, which was held insufficient. The case was under the second clause of section 292 of the Code, which expressly requires proof by affidavit.

Rugg *v.* Spencer.

fact in this case should be submitted to the jury.   If it was necessary to confer jurisdiction upon the county judge to make the first order supplementary to execution, that proof should have been made before him of the existence of the judgment and return of execution unsatisfied, yet it was still in this case a question of fact whether such proof had not been made.   The plaintiff did not prove, on this trial, it had not been made.   The plaintiff did prove that a judgment had been recovered against him, and also that an execution thereon had been duly issued and returned unsatisfied before the date of the order supplementary to execution.   The plaintiff ought to have requested the court to submit the case to the jury, with instructions for them to find whether any sufficient evidence had been made before the judge to authorize the making of the order supplementary.   By omitting to do so, he cannot now claim that the case should have been submitted to the jury.   Instead of asking that the case be submitted to the jury, the plaintiff rested his case upon certain rulings which he requested the court to make upon other matters than the sufficiency of the proof made before the county judge, to entitle the defendant to the order supplementary to execution.   It is now too late for the plaintiff to say that the court should have submitted to the jury whether any affidavit was made before the judge, upon which the order supplementary to execution was granted. (*Barnes* v. *Perine*, 12 *N. Y.* 18.   *Winchell* v. *Hicks*, 18 *id.* 558.)   It does not appear but that there was proof made before the county judge, of the judgment and the return of the execution unsatisfied.   If any evidence was required, the judgment itself and the execution on file were sufficient, and *non constat* but that the judge inspected both.

V. The affidavits and judgment were sufficient evidence of actual loss by the judgment creditor to warrant the fine imposed by the judge.   (3 *R. S., part.* 3, *ch.* 8, *tit.* 13, §§ 20, 21.)

*By the Court,* JOHNSON, J. The action was for false imprisonment. The defendant justified under proceedings supplementary to execution, by virtue of chapter 2, title 9, of the Code. This title makes provision for "the execution of judgment in civil actions," first, by execution; and second, by proceedings supplementary thereto, after execution shall have been issued and returned unsatisfied in whole or in part. It appeared upon the trial that the defendant in this action, who was plaintiff in the judgment in which the proceedings, in execution thereof, were instituted, obtained an order from the county judge of Cattaraugus county requiring the plaintiff, who was defendant in such judgment, to appear and answer concerning his property, before a referee named in such order. The plaintiff failed to appear in pursuance of the order, and was proceeded against before the same judge for contempt, by order to show cause why he should not be punished for such contempt. The plaintiff failed to appear or show cause on the day named in said order, and was adjudged guilty of contempt, and fined to the amount of the judgment and interest thereon, and the amount of the costs and disbursements in the proceedings for the misconduct and contempt, taxed at $20, and ordered to stand committed until the fine should be paid. The plaintiff was imprisoned under this order, and for such imprisonment brings this action.

Two questions only, were raised upon the trial, and the same are insisted upon here: First. That the order to appear and answer first issued, was issued without any proof by affidavit before the judge, and was void. And, second, that the fine being for an amount over $250, was greater than the judge was authorized to impose, which rendered that order and determination void also.

These questions will be considered in the order presented. The first order to the plaintiff to appear and answer on oath concerning his property, recites expressly

Rugg *v.* Spencer.

that it had been made to appear before the judge who issued the order, " by the affidavit" of one of the attorneys of the plaintiff in the action in which the judgment was obtained, that judgment had been recovered in the action; that execution thereon against the property of the defendant therein, had been duly issued, and returned wholly unsatisfied, and that said judgment remained wholly unpaid.

Assuming, without discussing or determining the question, that proof by affidavit was necessary before the judge, to enable him to issue a valid order, the recital therein that all the necessary facts had been made to appear before him by affidavit is clearly sufficient, *prima facie,* to show that such proof had been made by a regular affidavit. It is a presumption which the law raises in support of judicial authority and proceedings. The order speaks for itself, and as all the necessary facts, to constitute it a regular and valid order, appear upon its face, it will be deemed to be such, until the contrary is made to appear. This doctrine is well settled, and has been quite recently reiterated by this court.

But the plaintiff's counsel contends that even if he is driven to show that no proof by affidavit was in fact made before the judge when he issued the order, that fact was sufficiently shown to rebut the *prima facie* proof of the recital in the order, by the papers produced on the trial, and that the burden was thus cast upon the defendant of giving further proof, that an affidavit was presented. The paper relied upon to sustain this position was a paper in the form of an affidavit in the action, found on file in the office of the clerk of the county of Cattaraugus, reciting the facts as set forth in the order, signed by the plaintiff's attorney in the action, but not sworn to before any magistrate. There was no jurat nor the signature of any magistrate attached. On this paper was indorsed ."at chambers, Decembers 21, 1867, read on motion, R. Lamb, county judge, filed December 21, 1867." This is the same

date as the order, and R. Lamb was the judge who issued the order. No other proof was made in regard to the paper. The orders and other papers in the proceedings supplementary appear also to have been filed in the same office. This paper furnished no proof, one way or the other, on the question. It was not a record which of itself imported verity, and there was no evidence whatever to show by whom the indorsement thereon had been made, or how it came to be on file in the clerk's office. The mere fact that the other papers in the proceeding were also found on file there, formed no basis for the legal presumption, and scarcely for a probable conjecture, that this was the paper presented and which the judge had mistaken for an affidavit. The mere presentation of that paper on the trial was no proof of any fact in the case whatever, and did not tend in any degree to disprove the recital in the order. The first order was therefore valid.

Was the plaintiff then, properly adjudged guilty of the contempt, and properly fined therefor? The Code, § 302, gives to the judge who issues the order in cases of this kind the power to punish as for a contempt. The proceeding in a case like this, is under part 3, ch. 8, title 13, of the third part of the Revised Statutes, (2 *R. S.* 534,) "of proceedings as for contempt to enforce civil remedies, and to protect the rights of parties in civil actions." By section 1 power is given "to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct by which the rights or remedies of a party in a cause or matter depending in court may be defeated, impaired, impeded or prejudiced, in the following cases." Amongst the cases specified, in subdivision 3 of this section, is that for the non-payment of money ordered to be paid by a party to a suit in certain cases, "and for any other disobedience to any lawful order, decree or process of such court." By section 20 the court is required to impose a fine, or to imprison a defendant, or both, if it

Rugg *v.* Spencer.

shall adjudge him "to have been guilty of the misconduct alleged, and that such misconduct was calculated to, or actually did, defeat, impair, impede or prejudice, the rights or remedies of any party in a cause," &c.  By section 21, "if an actual loss or injury shall have been produced to any party by the misconduct alleged, a fine shall be imposed sufficient to indemnify such party and to satisfy his costs and expenses;" and by section 22, "in all other cases the fine shall not exceed two hundred and fifty dollars over and above the costs and expenses of the proceedings."  The plaintiff here having failed to appear in pursuance of the order to show cause, the judge proceeded to inquire in regard to the alleged misconduct and contempt, and the consequences and effect of the same upon the rights and remedies of the plaintiff in such judgment.  It was found that the plaintiff here, had been guilty of the misconduct, and it was also found, as recited in the order imposing the fine, "that such misconduct and contempt was calculated to and did actually impair, impede, *defeat* and prejudice the rights of said plaintiff in said supplementary proceedings."  He was, thereupon, as appears, adjudged guilty of the contempt, and to pay the fine imposed.  And, as appears upon the face of the order, "all of which is here imposed as a fine upon said defendant to indemnify the said plaintiff for his costs and disbursements and the damage and loss sustained by said contempt in the defeat of said proceedings."  The plaintiff's counsel objects, that it does not appear expressly upon the face of the order, that the judge did in fact find that the plaintiff in the judgment had sustained any loss or injury by the misconduct alleged.  The point is, that upon his own recital, he only found that the misconduct defeated the proceedings, and prejudiced the defendant's rights and remedies, and not that the misconduct had been productive of actual loss or injury.  But it is expressly declared, in the order, that the fine is imposed to indemnify the plain-

Rugg *v.* Spencer.

tiff in the action, not only for his costs and disbursements in that proceeding, but also for "the damage and loss sustained by said contempt in the defeat of said proceedings." The preliminary recital may, perhaps, be somewhat defective in not stating expressly that it appeared that actual loss or injury had been produced. But this recital, though a very proper formal part of an adjudication or order of this kind, is not a vital or necessary part, nor is it at all conclusive as to all the facts which were made to appear before the officer, or that no other facts appeared. It is sufficient *prima facie* for what is contained in the recital. But the recital is no evidence that nothing else was shown, or made to appear.

The adjudication, or order, would have been valid without any such preliminary recital, and as it expressly appears in the body of the order that the fine was imposed to indemnify the plaintiff in the judgment "for the damage and loss sustained" in defeating the proceedings, the inference is conclusive that it did so appear before him, and that he so found.

Every reasonable intendment will be made to uphold the adjudication, when it is clearly within the jurisdiction of the tribunal to do what has been done.

It will be presumed, unless the contrary is shown by the party alleging the invalidity, that all the necessary facts were found which might have been found to support the judgment. It appears upon its face to be regular, and if anything was omitted by which it would be invalidated, it was for the plaintiff to show it. It was for him to show that he had been unlawfully imprisoned. I am of the opinion, therefore, that the nonsuit was right, and that a new trial should be denied.

New trial denied.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, March 6, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]