ABRAHAM COLLIER, RESPONDENT, *v.* NANCY M. DeREVERE, APPELLANT.

*Code, §§ 283, 292 — supplementary proceedings — right of executors of deceased judgment creditor to institute.*

Under section 283 of the Code, the personal representatives of a deceased judgment creditor may, at any time within five years after the entry of the judgment, institute proceedings supplementary to execution, to enforce the same.

It is not necessary that the death of the creditor or the appointment of the personal representatives should be made to appear by affidavit. The existence of such fact is necessary to authorize the officer to make the order, but no formal proof thereof is required, further than such as the officer may require to satisfy his own conscience.

APPEAL from an order of the county judge of Westchester county, denying a motion to dismiss proceedings supplementary to execution, instituted by the executrix of the plaintiff herein.

*Thomas G. Swartwout*, for the appellant.

*J. S. Millard*, for the respondent.

TALCOTT, J. :

This is an appeal from an order made by the county judge of Westchester county, denying the defendant's motion to dismiss proceedings supplementary to the execution in the action above entitled, on the ground of the insufficiency of the affidavit made to procure the order for the examination of the defendant under section 292 of the Code. The affidavit is made by I. S. Millard, Esq., and states, not by direct averment, but by way of recital, that the plaintiff in the judgment is deceased, and that he, the deponent, is " the attorney of Harriet Collier, the executrix of Abraham Collier, deceased, and owner of the judgment in the foregoing action." The order made by the county judge is that the defendant, Nancy DeRevere, appear at the time and place therein specified, and make discovery on oath concerning her property, and does not, by way of recital or otherwise, refer to the decease of the plaintiff in the action, or that the proceeding is instituted in behalf of the executrix.

By section 283 of the Code, as amended in 1866, it is provided that the personal representative of a deceased party in whose favor a judgment shall have been rendered, may, at any time within five years after the entry of the judgment, proceed to enforce the same as prescribed by the title containing the said section 283, which title embraces the proceedings supplementary to the execution. There can be no doubt, then, but the executrix may institute the proceedings in question. The section 292, while expressly providing that, in regard to certain other orders, proof by affidavit is to be made of the facts the existence of which authorizes the making of the order, wholly omits to make provision for an affidavit, or any other proof of the existence of such facts as authorize the making of the order in question. It is necessary that the facts exist, but no formal proof thereof is required to be made to the officer.

The General Term of the eighth district so held in an opinion delivered by Judge MARVIN in the case of *Scott* v. *Durfee*, reported in a note to the case of *Rugg* v. *Spencer* (59 Barb., 383).

This peculiarity of the statute is noticed by Mr. Wait, in his

recent work on Practice (4 Wait's Prac., 137); and the point of the decision in *Scott* v. *Durfee* is not questioned, although it is stated to be the usual or better practice to furnish an affidavit.

The affidavit, I apprehend, has been required by the officer to whom the application is made, for his own private satisfaction, because he must, in general, be ignorant of the facts which entitle the party to the order; yet if he sees fit to grant the order on the mere statement of the applicant he may do so, taking the responsibility of being able to prove the existence of the necessary facts when called upon. This being so, an objection to the sufficiency of an affidavit presented for the purpose of obtaining such an order cannot be made by the defendant. In this case, if the facts stated by way of recital in the affidavit are to be taken as averments, they afford at least *prima facie* evidence of the right to institute the proceedings. The judgment is, presumptively, the property of the executrix of the judgment creditor; and if, for any reason, the title is not in the executrix, or if letters have not been duly issued to her, the defendant must set up such facts; and if they be made to appear, they would, undoubtedly, prevent the further prosecution of the proceeding.

The order of the county judge of Westchester county appealed from is affirmed, with costs and disbursements of the appeal.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Order affirmed, with costs and disbursements.