BENJAMIN WRIGHT, as Receiver, etc., Appellant. v. ELBERT NOSTRAND et al., Respondents.

In an equity action brought to set aside alleged fraudulent conveyances made by a judgment debtor, the defendant is not entitled to a jury trial. The court may frame issues and direct them to be tried before a jury, but this is in its discretion, and its determination is not the subject of review.

Where the alleged fraudulent conveyances were of the debtor's real estate to his wife, and the judgment set them aside, *held*, an objection to such judgment, that it did not provide for the wife's right of dower, could not be raised on appeal; that the remedy, if any, was by motion.

*It seems* that such dower right is not affected by the judgment.

In such an action the judgment debtor was called as a witness for the defendants and gave material evidence. *Held*, that his evidence, taken in

supplementary proceedings was admissible, not only against him as an admission, but also as against all of the defendants, for the purpose of affecting his credibility by showing conflicting statements.

A witness for plaintiff testified to the pendency of an action against the judgment debtor at the time of the conveyances, and to an attempt, upon the part of his attorney, to delay the recovery of judgment therein. *Held,* that a refusal to strike out such evidence was not error ; that the evidence was proper as showing motive ; and that the debtor might fairly be presumed to have had notice of the proceedings on the part of his attorney.

*It seems* that it is competent for a receiver, appointed in supplementary proceedings, to bring an action either to set aside and annul alleged fraudulent conveyances of his real estate by the debtor, and for a reconveyance of the property by the fraudulent grantee, or to set aside the conveyances as a cloud on title so as to subject the property to levy and sale on execution.

In the former case, to maintain the action, it is necessary for him to show such proceedings, in relation to his appointment as receiver, as vest in him title to the real estate ; in the latter it is simply necessary to show his appointment and that he rightfully represents the judgment creditor, as whose representative he brings the action, so that the judgment will be a bar against any one claiming under the original judgment.

An order, made upon the application of the judgment creditor, authorizing the prosecution of the action, by the receiver, is sufficient for this purpose.

Accordingly *held,* in an action of the latter character, commenced when the Code of Procedure was in force, under an order of the court authorizing it, no question of title being involved, it was not necessary to show a filing and recording of the order appointing the receiver, as required by said Code, in order to vest in the receiver title to the debtor's real estate, nor was it necessary to show, where the real estate was situated in the city of New York, a compliance with the provisions of the act of 1813 (§§ 159, 160, chap. 86, 1 R. L. 1813), in regard to recording transfers of title in the register's office in that city.

In such an action a question simply affecting the regularity of the appointment of the receiver may not be raised by defendants.

Proceedings supplementary to execution and for the appointment of a receiver are not special statutory proceedings, such as require affirmative proof of the facts conferring jurisdiction upon the court or officer acting when questioned collaterally, but simply proceedings in the action, and such acts are entitled to all the presumptions of regularity belonging to proceedings in courts of general jurisdiction.

An order, therefore, in such a proceeding, appointing a receiver, made by the court or judge authorized to make it, is to be presumed regular until annulled in a direct proceeding ; and if the order recite facts giving jurisdiction, it is *prima facie* evidence of the existence of those facts.

*Rockwell* v. *Merwin* (45 N. Y. 166), *Dubois* v. *Cassidy* (75 id. 298). *Sackett* v. *Newton* (10 How. Pr. 561), distinguished.

*It seems* that the issue and return of an execution *nulla bona* is essential to the validity of an order in supplementary proceedings, as well as to the right to institute an action to reach equitable assets.

An execution, however, although it be so defective that it is subject to be vacated and set aside on motion, may not be treated as void when questioned in collateral proceedings, where the defects are amendable, or where all the essential facts necessary for the direction and protection of the sheriff are stated in the execution, or are plainly inferable from the facts stated.

An execution was entitled on the outside " N. Y. Superior Court " with the names of the parties. It was directed to the sheriff of the county of New York, and stated in the body thereof that judgment was rendered March 2, 1874, in "the Superior Court," in favor of plaintiff and against defendant, as appeared by the judgment-roll on file in the office of the clerk of said court; that said judgment was docketed in the county of New York, and that there was " on the 4th day of March, 1874, the sum of $604.95 actually due thereon." The sheriff was directed to collect that amount with interest from the date the judgment was rendered. *Held*, that the execution was not void and could not be questioned collaterally ; that it was fairly inferable therefrom that the judgment described was rendered in the Superior Court of the city of New York and was for the amount asserted to be due thereon; and that the return of the sheriff of *nulla bona* was evidence of the exhaustion of legal remedies, sufficient to authorize the institution of an action to reach property of the judgment debtor.

Plaintiff was appointed receiver under a judgment in favor of a bank. *Held*, the fact that the bank had ceased to be a corporation by reason of the appointment of a receiver in bankruptcy of its assets did not invalidate plaintiff's appointment; that it was competent for the receiver of the bank to institute proceedings in its name, to collect the judgment and to procure or sanction the appointment of a receiver of the assets of the judgment debtor.

Supplementary proceedings were instituted in April, 1875; plaintiff was appointed receiver therein in February, 1878. It was not shown that the proceedings were adjourned from time to time. *Held*, that the court would not presume a loss of jurisdiction from the omission to show regular adjournments.

The plaintiffs, in whose favor the judgment upon which the supplementary proceedings were based was rendered, composed the firm of P. & Co.; three of the four members of the firm had become insolvent, and assignees in bankruptcy of their assets had been appointed. *Held*, that said assignees were not authorized to take the firm property, and so their appointment had no effect upon the ownership of the judgment.

(Submitted October 15, 1883 ; decided November 20, 1883.)

APPEAL from order of the General Term of the Superior Court of the city of New York, entered upon an order made March 8, 1881, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and ordered a new trial. (Reported below, 15 J. & S. 441.)

The nature of the action and the material facts are stated in the opinion.

*A. Wakeman* for appellant. In the execution issued on the Arnold judgment the teste and the direction to return to the office of the clerk of the city and county of New York were mere surplusage. (*Carpenter* v. *Simmons*, 28 How. 12, 16; 1 Robt. 360; *Fake* v. *Edgerton et al.*, 5 Duer, 681; *Butterfield* v. *Howe*, 19 Wend. 86.) The sheriff was bound to return the execution according to the requirements of the statute. (*Wilson* v. *Wright*, 9 How. 459.) The defects in the execution are all amendable and should be amended by the court, *nunc pro tunc*, or disregarded. (*Abels* v. *Westervelt*, 15 Abb. 230; *Park* v. *Church*, 5 How. 381; *Carpenter* v. *Simmons*, 28 id. 12; 1 Robt. 360; *Inman* v. *Griswold*, 1 Cow. 199; *Chichester* v. *Conde, impl'd, etc.*, 3 id. 39, 40; *Ross* v. *Luther*, 4 id. 158; *Scudder* v. *Snow*, 29 How. 95; *Bucklin* v. *Chapin*, 53 Barb. 488; *Kennedy* v. *Thorpe*, 3 Abb. [N. S.] 131; *Fake* v. *Edgerton et al.*, 5 Duer, 681; *Cutler* v. *Rathbone*, 1 Hill, 204; *Peck* v. *Tiffany*, 2 N. Y. 451; *James* v. *Gurley*, 48 id. 163; *Hill* v. *Haynes*, 54 id. 153; Code of Procedure, §§ 169, 170, 173, 174, 176; Code of Civil Procedure, §§ 721, 722, 723; *Douglas* v. *Haberstro*, 14 N. Y. W'kly Dig. 311.) None of the defendants, except the judgment debtor, Elbert Nostrand, can object to the defects in the execution, or to any irregularity in the supplemental proceedings. (*Abels* v. *Westervelt*, 15 Abb. 230; *Grosvenor* v. *Hunt*, 11 How. 355; *Berry* v. *Riley*, 2 Barb. 307; *Oakley* v. *Becker*, 2 Cow. 454; *Renick* v. *Orser*, 4 Bosw. 384; *Bacon* v. *Cropsy*, 7 N. Y. 195.) The judgment debtor waived the defects in the execution by appearing and submitting to examination in supplemental proceedings, without objection, by submitting to

the appointment of a receiver of his property, and by failing to appeal from the order appointing such receiver. (*Bingham* v. *Disbrow*, 14 Abb. 251; *Viburt* v. *Frost*, 3 id. 119; *Diddell* v. *Diddell*, id. 167; *Union B'k of Troy* v. *Sargent*, 35 How. 87; *Green* v. *Bullard*, 8 id. 24; *People* v. *Globe Mut. L. Ins. Co.*, 60 id. 82; *Hobart* v. *Frost*, 5 Duer, 672; *Quinn* v. *Floyd*, 7 Robt. 157; *Bucklin* v. *Chapin*, 53 Barb. 488; *Bell* v. *Vernooy*, 18 Hun, 125; *People* v. *Brenham*, 3 id. 666; *Greason* v. *Keteltas*, 17 N. Y. 491; *Macy* v. *Nelson*, 62 id. 638; *Vose* v. *Cockcroft*, 44 id. 415; *Baird* v. *Mayor, etc., N. Y.*, 74 id. 382.) The order appointing the plaintiff receiver in the Arnold action was properly received in evidence. (*Roosevelt* v. *Gardinier*, 2 Cow. 463; *Jackson* v. *Jackson*, 3 id. 73; *Starr* v. *Francis*, 22 Wend. 633; *Gould* v. *Root*, 4 Hill, 554; *Spencer* v. *Barber*, 5 id. 568; 2 Wend. 625; 6 Paige, 371; 3 id. 195; *Jackson* v. *Shaffer*, 11 J. R. 513; *Hartwell* v. *Root*, 19 id. 345; *Jackson* v. *Cole*, 4 Cow. 587; *Smith* v. *Jones*, 20 Wend. 192; *Doughty* v. *Hope*, 3 Denio, 149; *Ross* v. *Bedell*, 5 Duer, 462; *Sperling* v. *Levy* 1 Daly, 95; *Arent* v. *Squire*, id. 347; *Nelson* v. *People*, 23 N. Y. 293–297; *Leland* v. *Cameron*, 31 id. 115; *People* v. *Carpenter*, 24 id. 86; *McAndrew* v. *Radway*, 34 id. 511–513; *De Forrest* v. *Farley*, 62 id. 628.) The proceedings supplementary to execution under the judgment of the Loaners' Bank were in all respects legal and proper and were properly entitled in the action in which the judgment was recovered, because they were proceedings in that action. (*Wegman* v. *Childs*, 41 N. Y. 159–163; *Dresser* v. *Van Pelt et al.*, 15 How. 19; *B'k of Genesee* v. *Spencer*, id. 412; *Gould* v. *Torrance*, 19 id. 560; *Catlin* v. *Gottlier et al.*, 57 N. Y. 363–373; *Wines* v. *Mayor*, 70 id. 613; *Rockwell* v. *Merwin*, 45 id. 166; *B'k of Charleston* v. *Emerick*, 2 Sandf. 718; *Underwood* v. *Sutcliffe*, 10 Hun, 453; *Kennedy* v. *Norcott*, 54 How. 87; *Brockway* v. *Brien*, 37 id. 270; *Allen* v. *Starring*, 26 id. 57.) As this action was in equity, and equitable relief only sought, it was clearly in the discretion of the judge whether he would send any of the questions involved to a jury for a trial. (*Wheelock*

v. *Lee*, 74 N. Y. 495, 500; *Davis* v. *Morris*, 36 id. 569; *Coleman* v. *Dixson*, 50 id. 572; *McCarty* v. *Edwards*, 24 How. 236.) The supplemental examinations were admissible as declarations of a co-conspirator to show the execution, extent and effect of the common purpose to defraud. (*Menlin* v. *Lyon*, 49 N. Y. 661; *Cuyler* v. *McCartney*, 40 id. 221; *Dewey* v. *Moyer*, 72 id. 70.) The notice of the application for the appointment of the plaintiff receiver under the Arnold judgment was sufficient. (*Ashley* v. *Turner*, 22 Hun, 226; *Leggett* v. *Sloan*, 24 How. 479; *People, ex rel. Fitch*, v. *Mead*, 29 id. 360.) The order appointing the plaintiff receiver was duly filed and recorded in the office of the clerk of the city and county of New York; there was no necessity of filing it in the office of the register. (Old Code, § 298; *Rockwell* v. *Merwin*, 45 N. Y. 166, 168.) There was no necessity of a conveyance of the property sought to be reached to the receiver. (*Chautauqua Co. B'k* v. *Risley*, 19 N. Y. 369.) The direction in the judgment that the plaintiffs in the original judgments, or their successors, shall be at liberty to sell the property described in the complaint upon executions to be issued upon their respective judgments, is proper. (*Seaman* v. *Schœffer*, 76 N. Y. 606, 607.) As the buildings at 112 Clinton street were erected in 1839, even if, as Mrs. Nostrand swears, they were built with her money, which she received from her father, they became the absolute property of her husband by operation of law. (2 Kent's Com. [3d. ed.] 133–135; *Martin* v. *Martin*, 1 N. Y. 473; *Wood* v. *Genet*, 8 Paige, 137; *Glann* v. *Younglove*, 27 Barb. 480; *Little* v. *Willets*, 37 How. 481; *Ryder* v. *Hulse*, 24 N. Y. 372; *Westervelt* v. *Gregg*, 10 id. 202; *Stokes* v. *Macken*, 62 Barb. 145; *Woodbeck* v. *Hoocus*, 42 id. 66; *King* v. *O'Brien*, 1 J. & S. 49; *Ferman* v. *Orser*, 5 Duer, 476.) Where a grant for a valuable consideration shall be made to one person, and the consideration thereof shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance. (2 R. S., chap. 1, part 2, § 51,

art. 2; *Donovan* v. *Sheridan*, 5 J. & S. 256.) A voluntary conveyance of property by a debtor through a third person to his wife is fraudulent, as against his creditors, even though there is no fraudulent intent. (*Coles* v. *Tyler*, 65 N. Y. 73; *Mohawk B'k* v. *Atwater*, 2 Paige, 54; *Carpenter* v. *Roe*, 10 N. Y. 280; *Babcock* v. *Eckler*, 24 id. 623; *Dygert* v. *Remerschnider*, 32 id. 648; *Curtis* v. *Fox*, 47 id. 300.) The voluntary conveyance of this property by Nostrand to his wife was fraudulent, even as against subsequent creditors. (*Savage* v. *Murphy*, 34 N. Y. 508; *Case* v. *Phelps*, 39 id. 164.) To invalidate a voluntary conveyance, as against creditors, it is not necessary that the debtor be, or believe himself to be, insolvent at the time of the grant. It is sufficient if his solvency is contingent upon the stability of the market in the business in which he is engaged, and it is only where a voluntary conveyance is made in good faith, with no intent to defraud the grantor's creditors, that it will be upheld by proof that when made the grantor retained an estate to pay his debts. (*Carpenter* v. *Roe*, 10 N. Y. 227; *Fox* v. *Moyer*, 54 id. 125; *Ford* v. *Johnson*, 7 Hun, 563: *Warner* v. *Blakeman*, 43 N. Y. 487.)

*Edward P. Wilder* for respondents. An action in equity of this nature cannot be maintained until the remedy at law is exhausted. (*Crippen* v. *Hudson*, 13 N. Y. 161; *Dunlevy* v. *Tallmadge*, 32 id. 457.) The execution was defective because it did not intelligently refer to the judgment, stating the court and county where the judgment-roll was filed, the names of the parties, the amount actually due, and the time of docketing in the county to which the execution was issued. (*Clark* v. *Miller*, 18 Barb. 269; Code of Procedure, §§ 289, 290; *Clearwater* v. *Brill*, 63 N. Y. 627; *Watson* v. *Fuller*, 6 Johns. 282; *Todd* v. *Botchford*, 56 N. Y. 517; *Douglas* v. *Whiting*, 28 Ill. 362; *Brem* v. *Johnson*, 70 N. C. 566; *Ins. Co.* v. *Halleck*, 6 Wall. 556; *Anon.*, Loft, 184; *Albee* v. *Ward*, 8 Mass. 79; *Hall* v. *Moor*, Add. [Penn.] 376; *Toof* v. *Bentley*, 5 Wend. 276; *Farr* v. *Smith*, 9 id. 338 ·

*Woodcock* v. *Bennett*, 1 Cow. 738–9; *Newson* v. *Newson*, 4 Ired. 381; *Beazley* v. *Dunn*, 8 Rich. 345; *Blanks* v. *Rector*, 24 Ark. 496; Herman on Executions, § 89; *Park* v. *Church*, 5 How. 381; *Douglas* v. *Haberstro*, 88 N. Y. 618; Laws of 1847, chap. 280, § 57; *Park* v. *Church*, 5 How. 381; *Healy* v. *Preston*, 14 id. 20; *Fake* v. *Edgerton*, 3 Abb. 229; *People* v. *Seaton*, 25 Hun, 305; *People* v. *Bowe*, 20 id. 547; *Douglas* v. *Haberstro*, 88 id. 618; *Farnham* v. *Hildreth*, 32 Barb. 277; *Cutler* v. *Rathbone*, 1 Hill, 204; Laws of 1847, chap. 470, § 43; *Hutchinson* v. *Brand*, 9 N. Y. 208; *Dominick* v. *Ecker*, 3 Barb. 19; *Jackson* v. *Hunter*, 4 Wend. 585; *Borland* v. *Stewart*, id. 568; *Jennings* v. *Carter*, 2 id. 446; Herman on Executions, §§ 68, 69; Crocker on Sheriffs [2d ed.], § 284; *Earl* v. *Camp*, 16 Wend. 562; *Cornell* v. *Barnes*, 7 Hill, 35; *James* v. *Gurley*, 48 N. Y. 163; *Field* v. *Chapman*, 13 Abb. 325; *Field* v. *Hunt*, 24 How. 466; *Howard* v. *Sheldon*, 11 Paige, 558; *Dunlevy* v. *Tallmadge*, 32 N. Y. 462.) The error in admitting the order appointing plaintiff receiver was quite sufficient to justify the General Term in reversing the judgment of the Special Term.     (*Josuez* v. *Conner*, 7 Daly, 448; Old Code, §§ 298, 408; *Wegman* v. *Childs*, 44 Barb. 403; *Coope* v. *Bowles*, 28 How. 10; 42 Barb. 87; *Sackett* v. *Newton*, 10 How. 561; *De Comeau* v. *People*, 7 Rob. 498, 501; *Dubois* v. *Cassidy*, 75 N. Y. 298; *Rockwell* v. *Merwin*, 45 id. 166; *Vandenburg.* v. *Gaylord*, 7 N. Y. Weekly Dig. 136; *Kemp* v. *Harding*, 4 How. Pr. 178; *Dorr* v. *Noxon*, 5 id. 29; *Barker* v. *Johnson*, 4 Abb. Pr. 435; *Todd* v. *Crook*, 4 Sandf. 694–5; *Kennedy* v. *Weed*, 10 Abb. 62; *Crippen* v. *Hudson*, 13 N. Y. 161.)   The complaint should have been dismissed at Special Term, on the ground that the order appointing plaintiff receiver confers upon him no title or capacity to bring this action, because not recorded in the office of the register of New York city and county.   (Old Code, § 298; *Rockwell* v. *Merwin*, 45 N. Y. 166, 168; 8 Abb. [N. S.] 330, 334; *Scroggs* v. *Palmer*, 66 Barb. 505; Laws of 1813, chap. 86; *People, ex rel. Kingsland*, v. *Palmer*, 52 N. Y. 83; *McKenna* v. *Edmundstone*, 91 id. 231; *Whipple* v. *Christian*, 80 id. 523.)   The " exten-

sion" of the appointment of the plaintiff as receiver, under and
for the benefit of the judgment recovered by the Loaners'
Bank was clearly a nullity. (*Amore* v. *Lamothe*, 7 N. Y.
Weekly Dig. 212; *McCulloch* v. *Norwood*, 58 N. Y. 566;
*Bain* v. *Illuminated Tile Co.*, 7 Weekly Dig. 335–6 [Part 3];
*Huguenot B'k* v. *Studwell*, 74 N. Y. 621; Code, § 1900; *Boyd*
v. *Harold*, 18 N. B. R. 433; *In re Ettinger*, 18 id. 222;
*Dygert* v. *Remerschnider*, 32 N. Y. 649; *Phillips* v.
*Wooster*, 36 id. 412; *Babcock* v. *Ecker*, 24 id. 630;
*Reade* v. *Livingston*, 3 Johns. Ch. 500; *Wells* v. *O'Connor*,
27 Hun, 426; *Corporation* v. *Gordon*, 12 Weekly Dig. 570;
*Warden* v. *Browning*, 12 Hun, 497–500; Old Code, § 289;
2 R. S. 367, § 24; *Neilson* v. *Neilson*, 5 Barb. 565.) The
only evidence of fraud in these transfers lies in the fact itself
that they were made, which is not enough. (*Dygert* v. *Remer-
schnider*, 32 N. Y. 637, 636; *Carr* v. *Breese*, 81 id. 584.) The
mere circumstance of Mary Nostrand having allowed the prop-
erty to stand for so many years in her husband's name is not
significant, in view of the fact that it was purchased prior to
the passage of the acts enlarging the privileges of married
women, and before it had become customary for such women
to hold lands in their own names. (*Garrity* v. *Haynes*, 53
Barb. 296; *Syracuse* v. *Wing*, 85 N. Y. 421; *Jaeger* v. *Kelly*,
52 id. 274; *Dimon* v. *Hazard*, 32 id. 77; *Babcock* v. *Eckler*,
24 id. 623; *Prewit* v. *Wilson*, 19 N. B. R. 461.) Her equit-
able claims upon this property are as great as those of these
creditors, who have parted with nothing on the faith of it.
(*Smith* v. *Smith*, 17 Weekly Dig. 81; *Syracuse* v. *Wing*, 20
Hun, 207, 208–209; affirmed, 85 N. Y. 421; *Berdell* v. *Ber-
dell*, N. Y. Daily Reg., January 20, 1880; 2 Monthly Law
Bulletin, 32; *Genesee B'k* v *Mead*, 16 Weekly Dig. 486.)
The court erred in admitting in evidence, as against the defend-
ants, John R. Cypert and Mary A. Nostrand, and under their
specific objection and exception, the testimony of Elbert
Nostrand, in supplementary proceedings, in actions to which
they were not parties. (*Bennett* v. *McGuire*, 58 Barb. 636;
*Cuyler* v. *McCartney*, 40 N. Y. 221.) It was error to deny

the defendants a trial by jury of the question of fraud in the transfers, and of the amount due on the Arnold judgment. (*Davis* v. *Morris*, 36 N. Y. 569 ; *Lattin* v. *McCarty*, 41 id. 112 ; *Bradley* v. *Aldrich*, 40 id. 510 ; *Hudson* v. *Caryl*, 44 id. 555 ; *People* v. *Albany, etc., R. R. Co.*, 57 id. 161 ; *Freeman* v. *Atlantic Ins. Co.*, 13 'Abb. 124 ; *Levy* v. *Brooklyn F. Ins. Co.*, 25 Wend. 687 ; *Wheelock* v. *Lee*, 74 N. Y. 500 ; *Page* v. *Cameron.* 11 Weekly Dig. 478 ; *Compton* v. *Compton*, id. 325.)

Ruger, Ch. J. This is an equity action brought by the plaintiff, as receiver of the property and effects of the defendant, Elbert Nostrand, to set aside certain alleged fraudulent conveyances theretofore made by said Nostrand to the other defendants herein, and subject the property therein described to the lien of certain judgments.

The plaintiff claimed to derive his authority as such receiver by virtue of his appointment under proceedings supplementary to execution taken in three several actions wherein judgments had been obtained against said Elbert Nostrand. The trial resulted in a judgment against the defendants for the relief demanded in the complaint, but, upon appeal to the General Term, that judgment was set aside and a new trial ordered, solely upon the ground of alleged irregularities in the proceedings under which the plaintiff was appointed receiver. From this order the plaintiff appeals to this court, upon giving the usual stipulation for judgment absolute.

It is competent for the defendants, in support of this order, to urge any other material errors committed upon the trial, even though they were not mentioned by the General Term as among the reasons for its order of reversal.

The appellant has brought to our attention a number of alleged errors in addition to those relied on by the General Term, which he claims entitled him to a reversal of the judgment rendered by the trial court.

So far as such questions are of sufficient gravity to merit consideration, they will be noticed before proceeding to the

discussion of the grounds upon which the new trial was ordered.

*First.* The refusal of the court to award to the defendants a trial by jury upon their request therefor was not erroneous. The action, being solely an equitable one, to remove a cloud upon the title of the property sought to be subjected to the liens of the judgments mentioned in the complaint, did not authorize the defendants, or either of them, to claim as matter of right a trial of the issues therein by a jury. In such cases the court may, in its discretion, frame issues and direct them tried before a jury, but whether they will do so or not is purely a matter of discretion, and their determination of that question is not the subject of review. (*Colman* v. *Dixon*, 50 N. Y. 572.)

*Second.* The claim that the judgment originally entered in the action did not provide for a right of dower claimed to exist in favor of the defendant, Mary A. Nostrand, in the property alleged to have been fraudulently conveyed to her, and that it was in other respects erroneous in form, were questions not properly before the General Term and cannot be raised upon the appeal here. The remedy of the defendants, if any such irregularities exist, is by motion and appeal from the order thereon, if the proper relief is not granted. (*Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561; *Binsse* v. *Wood*, 37 id. 526; *Buck* v. *Remsen*, 34 id. 383.) The alleged dower right of Mary A. Nostrand is not affected by the judgment rendered herein.

*Third.* The objection made to the admission of the evidence of the defendant Elbert Nostrand, taken on proceedings supplementary to execution, was not tenable. The defendant Nostrand had been called as a witness for the defendants on the trial and had given material evidence for them. The deposition received in evidence was competent not only for a limited purpose as against him as an admission in the case made by one of the defendants therein, but was also competent at the time it was offered as against all of the defendants, for the purpose of affecting the credibility of the testimony given by such witness for them on the trial.

*Fourth.* The motion made to strike out the evidence of James W. Culver, a witness produced by the plaintiff, was properly denied. The witness had testified as to the pendency of the Arnold action against Elbert Nostrand at the time of the alleged fraudulent conveyance, and the attempt of said Nostrand's attorney to delay the recovery of a judgment therein. This motion was made upon the ground that it did not appear that Nostrand knew that the case had been placed on the short cause calendar for trial. We think the evidence was proper as tending to furnish a motive, on the part of the debtor, for placing his property beyond the reach of his creditors, and that it may fairly be presumed that a person has notice of the proceedings of his own attorney in a cause where he is the sole defendant.

*Fifth.* The questions arising upon the evidence affecting the merits of the action, which have been referred to in the brief of defendant's counsel, do not seem to us to be sufficiently serious to require particular mention. The conclusions reached by the trial court upon the facts in the case are supported by the evidence therein, and its conclusions of law predicated thereon do not seem to be open to any legal exception.

It remains, therefore, only to consider the various questions raised affecting the validity of the appointment of the plaintiff as receiver under the several judgments described in the complaint, and his right to represent the plaintiffs in such judgments. In the consideration of these questions it should be borne in mind that the plaintiff is not here asserting any title to, or interest in, either the real or personal property of the judgment debtor by virtue of his appointment as receiver, but is simply seeking to remove a cloud upon the debtor's title to the property in question, so as to subject it to sale on execution. Such an action he is authorized to bring and maintain. (*Porter* v. *Williams,* 9 N. Y. 142.) Actions for a similar purpose could as well have been brought and maintained by the plaintiffs in the several judgments in their individual names, as through the intervention of a receiver; and the effect of judgments obtained by them in such actions would have been

the same as that attempted to be reached by a judgment in this action. (*Bostwick* v. *Menck*, 40 N. Y. 383 ; *Chautauque Co. Bank* v. *Risley*, 19 id. 369.)

It was competent for the receiver to have instituted either one of two actions in this case : He could have brought his action to set aside and annul the alleged fraudulent conveyance and demanded as his relief that the property so fraudulently conveyed should be reconveyed to him by the alleged fraudulent grantees ; or he could bring the action which he has as the simple representative of the judgment creditors. In the former case he would have been obliged, in order to maintain his action, to show such proceedings relating to his appointment as receiver, as would have vested in him the title of the judgment debtor's real estate.

In this action it is unnecessary to show compliance with the provisions of sections 159 and 160 of chapter 86 of the Laws of 1813 ; or the closing paragraph of section 298 of the Code of Procedure. Section 298 authorizes the judge, by order, to appoint a receiver of the property of the judgment debtor in the same manner and with the like authority as if the appointment was made by the court. And it further provides, that upon the appointment, by an order of the judge, of a person as receiver, it shall be filed in the office of the clerk of the county where the judgment-roll in the action is filed, and that the clerk shall record the same in a book to be called a " book of orders appointing receivers of judgment debtors," and that the receiver so appointed shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order aforesaid. It is then specially provided, that before he shall be vested with any real property of such debtor, the order shall also be filed and recorded in the office of the clerk of the county where the real estate is situated, and also in the office of the clerk of the county in which the judgment debtor resides. It is thus quite apparent, from the reading of this section, that in a case where only personal property is concerned, or where the receiver is seeking simply to enforce the collection of a chose in action, it is not essential to show com-

pliance with those requirements which are made the conditions of the transfer to the receiver of the title of the debtor's real estate. It required no interest in the debtor's property to authorize the receiver, any more than the judgment creditors, to maintain an action to collect a judgment from the debtor therein. The receiver is here seeking to enforce the collection of a debt due and owing to the creditors whom he represents, and upon recovering judgment herein he becomes entitled to sell upon execution such property of the debtor as is thus subject to the lien of the judgments which he represents. (*Bostwick* v. *Menck, supra.*)

The title to the property upon such a sale would not in any event pass through or depend upon any right therein possessed by the receiver, but would pass by a conveyance executed by the sheriff to the purchaser on such sale.

It is thus seen that the only interest which the defendants have, so far as this action is concerned, in the question of the regularity of the appointment of the plaintiff as receiver of the several judgments described in the complaint, is to see that he rightfully represents such plaintiffs, in order that they may not be subjected to other actions for the same cause, by other persons holding a superior right to that of the plaintiff. If the judgment in this case be determined to be a bar, as between the defendants herein, and any and all persons claiming an interest in the judgments, which are the basis of this action, then the defendants have secured all the protection to which they are entitled, as against the action of the plaintiff, so far as his right to institute it is concerned. This protection seems to have been secured to them, by the order of the court authorizing the prosecution thereof, made upon the application of the several judgment creditors, or those legally representing them, in each of the judgments described in the complaint, requesting that such action be prosecuted for their benefit. There can be no doubt but that such creditors would be estopped by an adjudication in this action.

While it is essential in any action brought by a receiver, that he should show an appointment as such receiver, from a

court or judge having jurisdiction to make it, it is yet not open to the party in a collateral proceeding, to raise every question relating to the validity of such appointment. (*Oakley* v. *Becker*, 2 Cow. 454; *Bacon* v. *Cropsey*, 7 N. Y. 195; *Dobson* v. *Pearce*, 12 id. 164.)

The defendant, in an action wherein the receiver was appointed, has been held to have waived, by his acquiescence in such appointment, any objections thereto founded upon irregularities in making the same. (*Tyler* v. *Willis*, 33 Barb. 328.) It was also held in the same case that it did not lie in the mouth of a third person, upon proceedings taken against him by such receiver, to collect a debt owing to the judgment debtor, to dispute the regularity of such receiver's appointment. To the same effect is the case of *Underwood* v. *Sutcliffe* (10 Hun, 453), *Morgan* v. *Potter* (17 id. 403).

The production and proof of an order, made by a court or judge authorized by law to make it, in proceedings supplementary to execution, reciting the facts necessary to give such court or judge jurisdiction to act in the proceedings, furnishes conclusive evidence of the regularity of such order, when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction. (*Rugg* v. *Spencer*, 59 Barb. 383; *Potter* v. *Merchants' Bank*, 28 N. Y. 652.) It was held in the case of *Wegman* v. *Childs* (41 N. Y. 159) that an action was pending in the court, wherein it was brought, until after the satisfaction of judgment therein; and that proceedings supplemental to execution and the appointment of a receiver were proceedings in the action. (See, also, *Pitt* v. *Davison*, 37 N. Y. 236, and *Gould* v. *Torrance*, 19 How. Pr. 560.) It was said in *Underwood* v. *Sutcliffe* (*supra*), that such proceedings were in the nature of an action, and although this may be so in some respects, it would seem to conform more with the meaning and intent of the statute to hold, as was decided in the cases above cited, that they are in the nature of new remedies or equitable rights, arising by force of the statute, in the actions in which the judgments were obtained.

This proceeding cannot, therefore, be termed a special statu-

tory proceeding before a court or officer of limited jurisdiction in the sense that the facts conferring jurisdiction of the matter must be affirmatively proved, whenever questioned in a collateral proceeding ; but it is simply a new remedy in an action in which the court is possessed of general jurisdiction, and where the acts of the officers named are entitled to all the presumptions of regularity which belong to the proceedings of courts of general jurisdiction. (*Lounsbury* v. *Purdy*, 18 N. Y. 519.) It seems to us, therefore, that the orders of a court or judge authorized by law to act in such a proceeding must be presumed to be regular until annulled in a direct proceeding to review or set them aside ; and that such orders, so far as they recite the facts necessary to confer jurisdiction upon the court or judge to move in the proceedings, furnish *prima facie* evidence of the existence of such facts. (*Foot* v. *Stevens*, 17 Wend. 483 ; *Chemung Canal Bank* v. *Judson*, 8 N. Y. 258 ; *Potter* v. *Merchants' Bank, supra.*)

The cases cited by the counsel for the respondent do not conflict with this view. *Rockwell* v. *Merwin* (45 N. Y. 166) held upon a demurrer to the complaint that the allegation therein that the plaintiff was duly appointed a receiver in supplemental proceedings was sufficient, and authorized proof on the trial of all the facts conferring jurisdiction. The method by which such proof was to be made was not considered or decided. In *Dubois* v. *Cassidy* (75 N. Y. 298) it was held that a receiver appointed in supplemental proceedings, before he could assert title to the real estate of the judgment debtor, must show a compliance with the provisions of section 298 of the Code of Procedure, which are expressly made conditions upon which his right to take title to real estate depends. *Sackett* v. *Newton* (10 How. Pr. 561) involved simply the question as to whether the issue and return of an execution *nulla bona* was a condition to the maintenance of a creditor's bill by a receiver.

Considered in the light of the views we have expressed we think the several orders appointing the plaintiff as receiver of the property of Elbert Nostrand under each of the several

judgments described in the complaint sufficiently proved the regularity of such appointment, and the authority of the officer making them, to entitle the plaintiff to maintain this action.

No question is raised but that these orders were each regularly recorded with the clerk of the county of New York, as required by section 298 of the Code of Procedure, nor but that such receiver executed all of the security required by either of such orders. It nevertheless remains true that the jurisdiction of these officers may be subverted by affirmative proof of the non-existence of those facts which were necessary to confer jurisdiction to entertain the proceedings in question. (*Chemung Canal Bank* v. *Judson, supra ; Dobson* v. *Pearce, supra.*)

It is alleged by the defendants that the issue and return *nulla bona* of an execution upon the Arnold judgment, which is undoubtedly essential to the validity of an order in supplemental proceedings, as well as the right to institute and maintain an action to reach the equitable assets of a judgment debtor, have not been complied with in this case.

It is argued by appellant's counsel that the execution issued on that judgment was so defective in many respects that it was entirely void, and that the sheriff could make no valid return thereon. It remains nevertheless true that the sheriff did treat that execution as a valid execution imposing a duty upon him, and did make a return thereon that he could find no property of the defendant out of which to satisfy the same.

We are of the opinion that the execution in question, although extremely defective, and subject to be vacated and set aside on motion, for informality, was yet not so defective that it can be treated as void when questioned in a collateral proceeding. Most of the defects appearing in the execution have been held to be amendable, and defects of that character can only be taken advantage of by the defendant in the execution in a direct proceeding to set it aside. (*Abels* v. *Westervelt,* 15 Abb. Pr. 230 ; *Kimball* v. *Munger,* 2 Hill, 364 ; *Dominick* v. *Eacker,* 3 Barb. 18 ; *Berry* v. *Riley,* 2 id.. 308 ; *Kelly*

v. *McCormick,* 28 N. Y. 318; *James* v. *Gurley,* 48 id. 163.) A variance between the amount of an execution and the judgment will not vitiate the execution. (*Borland* v. *Stewart,* 4 Wend. 568; *Jackson* v. *Page,* id. 587.) The want of a seal thereto, although required by law, does not render it void. (*People* v. *Dunning,* 1 Wend. 16; *Dominick* v. *Eacker, supra.*) If any sum whatever be due upon a judgment an execution issued thereon which claims too much is not void. (*Peck* v. *Tiffany,* 2 N. Y. 451.) An execution which gives unauthorized directions as to its return is not void, as the law prescribes the sheriff's duty in making returns, and he is not controlled by such directions. (*Hutchinson* v. *Brand,* 9 N. Y. 208; see, also, *Cutler* v. *Rathbone,* 1 Hill, 204.) The amount named in the execution may be amended so as to make it conform with the amount of the judgment. (*Oakley* v. *Becker,* 2 Cow. 454.) Errors in the description of the court where judgment was obtained, and the place where the judgment-roll was filed, have been held amendable. (*Abels* v. *Westervelt, supra.*) Where an execution issued upon a justice's judgment and filed in the county clerk's office, was not signed by the clerk, *held* sufficient to protect the officer executing it, although the statute required the signature of the clerk to such execution. (*Hill* v. *Haynes,* 54 N. Y. 153.) An omission in an execution of a teste, in the name of a judge of the court, or of a direction as to the time of its return, is amendable. (§ 57, chap. 280, Laws of 1847; *Douglas* v. *Haberstro,* 88 N. Y. 611.)

We think that all of the essential facts necessary for the direction and protection of the sheriff in executing this process were either stated in the execution or were plainly inferable from other facts therein stated. The execution was entitled on the outside "N. Y. Superior Court. J. E. Arnold vs. Elbert Nostrand." It was directed to the sheriff of the county of New York, and stated in the body thereof, among other things, that judgment was rendered on the 2d day of March, 1874, in an action in the Superior Court, in favor of the plaintiff and against the defendant, as appeared by the judgment-

roll filed in the office of the clerk of the Superior Court; that said judgment was docketed in the county of New York, and that there was, on the 4th day of March, 1874, the sum of $604.95 actually due thereon. It directed the sheriff to collect the same from the property of the defendant in the judgment. We think it was ¦fairly inferable by the officer receiving this process, from the title on the execution, the residence of the attorneys who issued it, and of the party against whom it was to be executed, and the notice of its docket in New York county, that the judgment therein described was rendered by the Superior Court of the city of New York, and that the judgment-roll therein was filed in the office of the clerk of that court, which by law was located in that city. The amount for which judgment was rendered was fairly inferable from the statement of the amount which was asserted to be due thereon, and the direction to collect that amount with interest from the day judgment was rendered. Whether this be so or not, we think that each of the defects pointed out in this execution was amendable, and did not render the process void.

It is quite clear that the official return of the officer upon this execution, as well as others, proved in the case, that the defendant therein had no property out of which he could satisfy the executions, furnishes sufficient evidence of the exhaustion of legal remedies against the debtor to authorize the institution of a suit to reach other property possessed by him.

The defendants do not attempt to assail the existence or validity of the several judgments under which the plaintiff was appointed receiver; and when we have arrived at the conclusion that the execution upon the Arnold judgment was a valid process, the jurisdictional facts upon which the authority of the officer depends to make the appointment of a receiver of the property of the judgment debtor seem to be affirmatively established.

The reasons given for holding the first execution valid apply with still greater force to the executions issued upon the Loaners' Bank and Poppenhusen judgments for the reason

that the defects in those executions were of an unimportant character and plainly amendable.

It was held by the court below that the order appointing the plaintiff receiver under the Loaners' Bank judgment was invalid for the reason that the bank had ceased to be a corporation by virtue of the appointment of a receiver of its effects under proceedings in bankruptcy, subsequent to the recovery of its judgment against Nostrand. In this we think the court erred. It was competent for the receiver of the bank to institute proceedings in the name of the insolvent corporation to collect any debts or judgments owing to it; and to procure or sanction the appointment of a receiver of the assets of such debtor and we must assume that he procured such appointment. (Chap. 295, Laws of 1832; _McCulloch_ v. _Norwood_, 58 N. Y. 566.)

Force was denied by the court below to the appointment of the receiver under the Poppenhusen judgment on account of the lapse of time intervening between the institution of supplementary proceedings, and the final appointment of a receiver therein (from April, 1875, to February, 1878), upon the ground that a presumption arises that such proceedings had failed, for the reason that it was not shown that they had been regularly adjourned from time to time. It was said that jurisdiction was lost by the judge entertaining them through an omission to cause them to be regularly adjourned.

As we have seen, the order of the judge making the appointment furnishes conclusive evidence, in all collateral inquiries, of the regularity of the proceedings in which such order was made. We also think the court erred in holding that a failure to adjourn such proceedings regularly caused a loss of his jurisdiction by the judge entertaining them. The contrary has been held in some cases, and that would seem to be the necessary deduction from the character of the jurisdiction which the court and officers have in these proceedings as we have hereinbefore seen. (_Underwood_ v. _Sutcliffe_, _supra_; _Edmonston_ v. _McLoud_, 16 N. Y. 543; _Wegman_ v. _Childs_, _supra_; _Pitt_ v. _Davison_, _supra_.)

The appointment of assignees in bankruptcy for the individual members of a firm does not authorize such assignees to take the firm property. By virtue of such an appointment they become entitled only to the divisible share of the member whom they represent in the assets of such firm after the partnership debts are all paid, and the equities between the individual members are settled. The proof, therefore, of the insolvency of three out of the four members, composing the firm of Poppenhusen & Co. produced no legal effect upon the ownership of the Poppenhusen judgment.

It follows as the necessary result of our views that the order of the General Term should be reversed, and the judgment rendered at the Special Term affirmed.

All concur.

Order reversed and judgment affirmed.