ALBERT M. PALMER, as Receiver of the Property of BARTLEY CAMPBELL, Appellant, *v.* DAVID F. COLVILLE and Another, as Executors of SAMUEL COLVILLE, Deceased, and Others, Respondents, Impleaded with Another, Defendants.

*Supplementary proceedings — extension of a receivership over other judgments — the effect of countermanding the original execution — vested rights of other judgment-creditors.*

Ernest Harvier was appointed, on February 26, 1886, in supplementary proceedings, a receiver of the property of Bartley Campbell, upon an execution in favor of Bernard Brady, issued February 24, 1886, by an indorsement upon which it appeared that it was countermanded on or before March 5, 1886. Subsequent to that date the receivership was extended over other judgments against Campbell.

Upon a motion, made in proceedings taken upon one of the other judgments, Harvier was removed, and there was substituted as receiver one Palmer, who brought an action to satisfy an alleged equitable lien existing in favor of Campbell impressed upon a lease held by one Colville, now deceased, for the possession of the leased property, and for an accounting by the executors of Colville for moneys received by Colville under the lease.

The complaint was dismissed upon the ground that there was no proof that the execution of Brady was not unreturned and outstanding at the time this proceeding was commenced, and at the time when Harvier was appointed receiver.

*Held,* that this was improper.

That as Palmer produced and proved an affidavit and order, in the usual form in supplementary proceedings, the papers were conclusive evidence of the regularity of the order, when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction.

That, assuming that the court could take notice of the execution in favor of Brady, which was excluded from evidence, Palmer had a right to show that the execution was countermanded *after* the appointment of the receiver.

That if the court had jurisdiction to make the order, the countermanding of the execution would not render the order void unless the order were also properly vacated.

That subsequent orders extending the receivership over other judgments, made before the original order was duly vacated, would prevent Palmer from losing his title by any act of Brady.

That, inasmuch as the Code of Civil Procedure provided for the extension of an existing receivership over other judgments against the same debtor, it did not depend entirely upon the will of the original creditor whether a receiver who had taken title should be divested of it.

Appeal by the plaintiff, Albert M. Palmer, as receiver of the property of Bartley Campbell, from a judgment of the Supreme

Court, entered in the office of the clerk of the city and county of New York on the 7th day of May, 1890, dismissing the complaint upon the merits, without costs, after a trial at the New York Special Term, with notice of an intention to bring up for review upon said appeal an order dated April 24, 1890, upon which the judgment was entered.

The plaintiff was appointed receiver in an action in which Bernard Brady was plaintiff and Bartley Campbell was defendant.

The plaintiff brought the action to obtain the following relief:

1. That the equitable lien possessed by Samuel Colville and the defendant Edward G. Gilmore, which was on the 1st day of May, 1886, impressed upon the lease of the Fourteenth Street Theatre, in the city of New York, from said Colville and Gilmore to Bartley Campbell, be declared satisfied, canceled and discharged.

2. That this plaintiff, as receiver of the property, property rights and things in action of Bartley Campbell, be declared to be entitled to the possession of the said Fourteenth Street Theatre under and by virtue of the said lease.

3. That the defendant be ordered and directed to deliver possession of the said theatre, and all the property belonging thereto or connected therewith, and of all of the papers, documents, books, vouchers and contracts relating thereto, to this plaintiff as receiver as aforesaid ; and to refrain from in any way, directly or indirectly, preventing this plaintiff from taking such possession or causing him to be so prevented, or in any way interfering with him in assuming and maintaining possession and control of the business of the said theatre and of all the papers, vouchers, books, documents and contracts pertaining thereto, connected therewith or in any way relating to the same.

4. That the said defendants, severally and collectively, account for all moneys received and paid out by or for them or under their direction, and for which they or either of them are liable, in connection with, realized from or growing out of the conduct of the business conducted at the said Fourteenth Street Theatre in the city of New York.

5. That the said defendants be severally ordered and directed to pay to the plaintiff, as receiver as aforesaid, all such sums of money as

may be found to be due by reason of the premises, after deducting the amount of money that was owing by the said Bartley Campbell to the said Colville and Gilmore on the 1st day of May, 1886, and that the plaintiff have judgment therefor.

*B. S. Harmon,* for the appellant.

*H. Thompson,* for respondents Emeline Colville and J. Wesley Rosenquest.

*T. Hascall,* for Colville's executors, respondents.

O'BRIEN, J.:

The plaintiff brought this action, alleging himself to be a receiver appointed in supplementary proceedings, to procure satisfaction of an alleged equitable lien impressed upon a lease of property in this city, to have himself declared entitled to the possession thereof, together with the books, papers and contracts connected therewith, and to have defendants account and pay over all moneys that may be found due to the judgment-debtor.

It will be seen that the action was brought not only to enforce a lien as against real estate, but that it also involved the right of the plaintiff to recover personal property in the possession of the defendant belonging to the judgment-debtor.

The ground upon which the complaint was dismissed was because the proceedings supplementary, in which he was appointed, having been brought in aid of an execution, proof was not furnished that the execution was not outstanding at the time the proceeding was commenced and the order appointing the receiver made.

It was held by the Court of Appeals in the case of *Wright* v. *Nostrand* (94 N. Y., 45) that the production and proof of an order made by a court or judge authorized by law to make it in proceedings supplementary to execution, reciting the facts necessary to give such court or judge jurisdiction to act in the proceedings, furnishes conclusive evidence of the regularity of such order when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction. The plaintiff produced on the trial an order made by a justice of the City Court requiring the judgment-debtor to appear before him on the 25th of February, 1886, to make discovery on oath concerning his property, which order was based upon an affidavit that recited the recovery of a

judgment against the debtor, the issuing of an execution to the sheriff of the county of New York, where the judgment-debtor resided, that said execution had been returned unsatisfied; that said judgment remained unpaid, and that the judgment-debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, and that such property was so kept by the said debtor that it could not be identified and, with ordinary diligence, reached by execution. Upon the return day of that order the judgment-debtor appeared and was examined before the justice. Such examination disclosed the existence of property consisting of a lease of real estate, certain plays, and the scenery used in producing the plays, valued at about three hundred dollars; and at the close of the examination an order was made by the justice, before whom the examination was had, appointing a receiver of the property of the judgment-debtor.

Upon the authority of *Wright* v. *Nostrand* (*supra*), the production and proof of this order was conclusive evidence of the regularity of the order and of the appointment of the receiver, when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction. The plaintiff, therefore, proved the valid appointment of the receiver, and by operation of law such receiver thereby became vested with the personal property, including the choses in action belonging to the judgment-debtor.

Conceding that the defendants had the right to show that at the time of the appointment of the receiver the execution upon which the proceeding was based had been countermanded, the burden was upon them to show such fact; and if we can take notice of the execution that was offered in evidence by the plaintiff and rejected by the court upon defendant's objection, the plaintiff had the right to show that the countermand of the execution was after the appointment of the receiver. And we think that if the court had jurisdiction to appoint the receiver at the time the order appointing him was made, a countermand of the execution subsequent to such appointment would not render the order void until it was vacated by the judge or the court in which the proceeding was pending; and the subsequent orders made after the appointment of the receiver, extending the receivership to other judgments, before any

order had been made vacating the appointment, and before the commencement of this action, would prevent the receiver from losing any right to recover possession of the property because of any act of the original judgment-creditor who obtained his appointment.

It seems to us, therefore, as was said in *Wright* v. *Nostrand* (*supra*), that the orders of a court or judge authorized by law to act in such a proceeding must be presumed to be regular until annulled in a direct proceeding to review or set them aside ; and that such orders, so far as they recite the facts necessary to confer jurisdiction upon the court or judge to move in the proceedings, furnish *prima facie* evidence of the existence of such facts.

If, therefore, the receivership was extended to other judgments, the mere fact that the execution in the original judgment was countermanded should not result in destroying the title of the receiver. This must follow from an examination of the provisions of the Code, which do not leave it entirely at the will of the original judgment-creditor to determine whether a receiver once vested with the property of the judgment-debtor shall be divested or not, because by the provisions of the Code where one receiver is appointed, subsequent judgment-creditors in proceedings supplementary must, instead of obtaining a new receiver, have the receivership already in existence extended so as to include their judgments. We think, therefore, that the countermanding of the original execution upon which the order appointing the receiver was based, after the appointment of the receiver and before the receivership had been executed, did not divest the receiver of his rights to the debtor's property, so that the right of such subsequent judgment-creditors to have such receivership extended to these judgments was lost, and that when extended the receiver was vested with the title to the judgment-debtor's property.

We are, therefore, of opinion that the judgment appealed from should be reversed and a new trial ordered, .with costs to the appellant to abide the event.

Ingraham, J., concurred.