LIVINGSTON v. EATON et al.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. RECEIVER'S BOND — ACKNOWLEDGMENT BY SURETY — NOTARY — OFFICIAL CHARACTER—EVIDENCE—ERROR.

The absence of certificate of official character of notary who purported to have taken the acknowledgment of the execution of a receiver's bond, which was admitted in evidence over objection of defendant, is not cause for reversal of judgment of foreclosure at the suit of such receiver.

2. MORTGAGE—GIFT—FRAUD—EVIDENCE—ERROR.

Where, in foreclosure, defendants denied that plaintiff was the owner of the mortgage, and alleged payment, and plaintiff made proof of facts entitling him to relief, and defendant introduced evidence of a gift of the mortgage to him by the mortgagee, though such gift was not pleaded in the answer, plaintiff was properly permitted to show that such alleged gift was void, fraudulent, and of no effect.

Appeal from Equity Term, Herkimer County.

Action by Robert F. Livingston, receiver of Arnold L. Eaton, against Fred W. Eaton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was commenced in December, 1889, by the plaintiff, as receiver of the property of Arnold L. Eaton, appointed on the 6th day of October, 1899, in proceedings supplementary to execution, to foreclose a mortgage for $2,000 upon certain premises situate in the city of Little Falls, in the county of Herkimer, N. Y., which was made by the defendant Fred W. Eaton, the son of said Arnold L. Eaton, and which was executed and delivered to said Arnold L. Eaton as part of the consideration of premises sold by him to his son. The appellants, by their briefs, raise two points upon which it is urged that the judgment should be reversed: The first point is that the trial court committed reversible error in receiving, against defendants' objection, the bond of the plaintiff as receiver, because, as is claimed, "there was no proof of its execution by the surety, and that there was no proof of the official character or authority of the notary public who purported to have taken the acknowledgment of the execution by the surety, and that there was no proof that he was a notary public." The second point is that the court committed error in permitting the plaintiff to introduce evidence tending to rebut the proof made by the defendants to the effect that the mortgage in suit was transferred by gift from Arnold L. Eaton to the defendant Fred W. Eaton about Christmas time, 1896, and before the appointment of the plaintiff as receiver,

which evidence offered by the plaintiff and received by the court tended to show that such alleged gift was fraudulent and void. There was no allegation of such gift in the complaint or answer, and no allegation in the complaint of its fraudulent character.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Eugene E. Sheldon, for appellants Fred W. and Jessie S. Eaton.
Myron G. Bronner, for appellant Arnold L. Eaton.
C. J. Palmer, for respondent.

McLENNAN, P J.   It appears that on the 27th day of February, 1896, Arnold L. Eaton was the owner of a parcel of land in Little Falls, called in the record the "Icehouse Property," and that on that day he conveyed the same to the defendant Fred W. Eaton, and as a consideration for such conveyance the defendant Fred W. Eaton, among other obligations, assumed to execute the mortgage in question to Arnold L. Eaton.   Arnold L. Eaton became financially embarrassed, and in proceedings supplementary to execution on the 6th day of October, 1899, the plaintiff was appointed receiver of his property by an order made by the county judge of Herkimer county. Such order contained the usual provisions, and also provided that before entering upon the discharge of his duties as such receiver he should execute a bond in the penalty of $500 for the faithful discharge of his duties.   Such bond was executed.   It was presented to the county judge, and was approved by him.   The bond so approved does not contain a certificate to the effect that the officer or notary public who took the acknowledgment of the surety upon such bond was a notary public.   We think such omission was simply an irregularity, and is not available to the appellant upon this appeal (Wright v. Nostrand et al., 94 N. Y. 31–45), and that, notwithstanding the failure to obtain such certificate, the bond was properly received in evidence.   But independent of the question as to whether or not the bond was properly executed, we think the right of the receiver to maintain the action must be sustained in this proceeding, even if the execution of the bond was defective; that the validity of the bond or its execution cannot be raised collaterally in defense of an action of this kind.   The plaintiff was appointed receiver of the property of the judgment debtor, Arnold L. Eaton, in proceedings supplementary to execution, and was charged with the duty of collecting and applying in payment upon the debts of such judgment debtor any property of which he was seised or possessed at the time of such appointment. We think it is not available to a creditor of such debtor to assert, in answer to a claim sought to be enforced by the receiver, that such receiver has not given a bond in the form required by the statute, but that the remedy of such debtor is by motion to require such bond, if defective, to be made to comply with the provisions of the statute.   In the case at bar the plaintiff was duly appointed receiver of the property of Arnold L. Eaton.   He took possession of such property, and entered upon the discharge of his duties as such receiver, and attempted to enforce the obligations in favor of the estate which he, under the

law, was charged with the duty of protecting. The court having jurisdiction to appoint such receiver, we think the objection that there was some informality in the execution of the bond required to be given by such receiver is not available to a creditor in an action of this character. We therefore conclude that the first point raised by the appellants should not be regarded as sufficient to require a reversal of the judgment appealed from.

As to the second point raised by the appellants: The plaintiff alleged a perfect cause of action in his complaint, and made proof, before resting, of such facts as entitled him to the relief demanded. The defendants, by their answer, so far as it is important to note, denied that the plaintiff was the owner of the mortgage set forth in the complaint, and alleged that the amount, if any, due upon such obligation, had been fully paid and discharged before the appointment of the plaintiff as receiver, and before the commencement of this action. It was not suggested in the answer of either appellant that the mortgage in suit was surrendered or transferred as a gift to the defendant Fred W. Eaton by his father, Arnold L. Eaton, the mortgagee therein named, before the appointment of the receiver or before the commencement of the action, but, notwithstanding the failure to allege such gift, the defendants were permitted, by cross-examination of plaintiff's witness Arnold L. Eaton, to give evidence tending to establish such gift. Thereupon the plaintiff was permitted to show that the alleged gift of such mortgage to Fred W. Eaton was void, fraudulent, and of no effect. We think such evidence was entirely competent, and that its reception was in no manner prohibited by the fact that the plaintiff had not alleged the fraudulent character of such gift, when the plaintiff by his complaint was, in effect, maintaining that no such gift had been made, and when by the answer of the appellant no such gift was alleged. The defendants' allegation of payment was in no sense equivalent to an allegation of gift of the obligation upon which recovery was sought.

The trial court found that on the 23d day of January, 1899, the time when the order in proceedings supplementary to execution was granted, and on the 6th day of October, 1899, the time when the plaintiff was appointed receiver of the property of Arnold L. Eaton, the said Arnold L. Eaton was the owner of the mortgage described in the complaint, and sought to be foreclosed in this action, and that such mortgage at such time was in the actual possession of said Eaton. We think the evidence fully supports such finding, and that no error was committed by the trial court in the reception of the evidence objected to by the appellant, and which is urged as a ground for the reversal of the judgment appealed from. It follows that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.