In the Matter of Supplementary Proceedings: GRACE HERLIHY, Judgment Creditor, Appellant, *v.* J. L. WATKINS, JR., a Member of the New York Cotton Exchange, Judgment Debtor.

In the Matter of Supplementary Proceedings: 50 EAST 72ND STREET CORPORATION, Judgment Creditor, Respondent, *v.* J. LAWRENCE WATKINS, JR., Judgment Debtor.

First Department, December 3, 1937.

*Frederic R. Sanborn* of counsel [*Putney, Twombly & Hall,* attorneys], for Grace Herlihy, judgment creditor and appellant.

*Frank Alland* of counsel [*Isaac Gluckman,* attorney], for the respondent.

COHN, J. The appellant, Grace Herlihy, secured a judgment in the Supreme Court, New York county, against J. Lawrence Watkins, Jr., the judgment debtor, in the sum of $10,786.06 on June 23, 1930. Execution duly issued to the sheriff of New York county on July 10, 1930, was returned wholly unsatisfied. On December 22, 1930, appellant served Watkins with an order for examination in supplementary proceedings. Examinations thereunder commenced on December 26, 1930, and were continued at intervals up to March 24, 1931, an adjourned date for examination, when the judgment debtor failed to appear. No attempt was made to punish him for contempt for such default. The examination was never closed by any order of the court, but it remained open. Appellant, on July 17, 1936, served the judgment debtor with a notice of motion for the appointment of a receiver. The motion was argued on August 25, 1936, the judgment debtor appearing in opposition. On September 1, 1936, the Special Term made an order granting the motion and the receiver thereafter duly qualified. The judgment debtor was a member of the New York Cotton Exchange, and his chief asset appears to be his seat on that exchange.

Meanwhile, and on June 18, 1936, respondent, 50 East 72nd Street Corporation, hereinafter referred to as corporation, obtained

a judgment against the judgment debtor Watkins for $8,544.88. Supplementary proceedings were instituted by the corporation by the service of a subpœna on Watkins on June 27, 1936. The judgment debtor was examined on July 6, 1936. Upon this examination and upon information disclosed in an affidavit given in lieu of further examinations, the corporation in October, 1936, moved for the appointment of a receiver. In opposing this application, Watkins, the judgment debtor, stated that a receiver had already been appointed for his property by virtue of appellant's prior application. The court on motion of the corporation on November 10, 1936, accordingly made an order extending the receivership to include the corporation's judgment against Watkins.

In December, 1936, the corporation moved for the order subordinating the rights of appellant to the corporation's rights in the receivership upon the ground that the supplementary proceedings instituted by appellant in December, 1930, had lapsed and were abandoned before she had made the application for the appointment of a receiver. The motion was granted, and it is from the order entered thereon that this appeal is taken. It appears as a matter of record that a cross-motion made by appellant to have the extension of receivership set aside and a cross-motion made by the corporation to vacate the order appointing the receiver for the benefit of appellant were each denied. No appeal has been taken from these orders.

We believe that, in the circumstances, the Special Term erred in granting the order subordinating the proceedings by which appellant's receiver was appointed to those taken under respondent's judgment.

We are not concerned with the question raised by respondent that because the supplementary proceedings of appellant were pending for more than two years from the date of service of the order whereby the proceeding was instituted, they must be deemed to have been closed before the date of receiver's original appointment, as provided by statute recently enacted (Civ. Prac. Act, § 802; Laws of 1935, chap. 630, in effect September 1, 1935). Whether or not this section might apply to appellant's supplementary proceedings is not before us. Respondent may not by collateral attack challenge the validity of the order appointing the receiver for appellant's benefit and of the supplementary proceedings upon which it is founded. " The production and proof of an order, made by a court or judge authorized by law to make it, in proceedings supplementary to execution, reciting the facts necessary to give such court or judge jurisdiction to act in the proceedings, furnishes conclusive evidence of the regularity of such order, when questioned collater-

ally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction." (*Wright* v. *Nostrand*, 94 N. Y. 31, 45. Cf., also, *Palmer* v. *Colville*, 63 Hun, 536; Clark on Receivers [2d ed.], § 305.)

If respondent desired to test the validity of the order appointing the receiver for the benefit of appellant, it should have moved by direct attack to vacate such receivership on October 17, 1936, when, it is asserted, respondent first became aware of the order appointing the receiver in appellant's supplementary proceedings. Respondent at that time merely moved to extend appellant's receivership for its own benefit. It was not until some time in December, 1936, that respondent did directly attack the receivership by moving to vacate it in so far as it had been created for the benefit of appellant. That motion was, however, denied, and respondent took no appeal therefrom. The orders of a court or judge authorized to act in such a proceeding must be presumed to be regular until annulled in a direct proceeding to review or set them aside. (*Palmer* v. *Colville, supra,* at p. 540.) Accordingly, the order appointing the receiver for the benefit of appellant upon the basis of her supplementary proceedings instituted in December, 1930, is regular, valid and binding. Its validity may not be collaterally attacked by a subordination of the rights of appellant thereunder to the rights of respondent upon the theory that the appellant's supplementary proceedings had lapsed and that the order must be ignored in so far as it inures to the benefit of appellant.

The rule is well settled that as between judgment creditors, priority in the distribution of personal property in the hands of a receiver in supplementary proceedings is determined by the order of the commencement of the supplementary proceedings, that is, by the priority in the date of the service of the order summoning the judgment debtor for examination. (*McCorkle* v. *Herrman,* 117 N. Y. 297; *Reynolds* v. *Ætna Life Ins. Co.,* 160 id. 635, 647; *Becker* v. *Romanzo,* 245 App. Div. 185; *Sawyer* v. *Crowell,* 233 id. 484; *Matter of Walker,* 157 id. 609, 616; *Hubbard* v. *Lewis Co.,* 128 id. 416, 419; 4 Fiero Particular Actions and Proceedings [4th ed.], pp. 3351, 3354.) The statute so provides (Civ. Prac. Act, §§ 807, 808; Laws of 1935, chap. 630) and has so commanded for many years. (Former §§ 809 and 810, Civ. Prac. Act, and §§ 2468 and 2469 of the Code of Civil Procedure.)

In *Hubbard* v. *Lewis Co.* (*supra,* at p. 419) the court said: " Under section 2469 the receiver's title to the judgment debtor's property extends by relation back to the date of service of the order for the latter's examination, not for the benefit of all creditors who may subsequently have such receivership extended for their benefit,

but, as the section expressly provides, it is for the benefit of the judgment creditor in whose behalf the special proceeding was instituted."

Here appellant's order for examination of the judgment debtor was served on December 22, 1930, whereas respondent's was served on June 27, 1936, over five and one-half years later. By statute and under the authorities cited, appellant acquired a lien against the assets of Watkins when she commenced her supplementary proceedings on December 22, 1930, and the title of the receiver to judgment debtor's property relates back to that date for her benefit. Appellant was accordingly entitled to priority as to the assets in the hands of the receiver, and her judgment should be satisfied first.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.