## NEW YORK SUPERIOR COURT.

CHARLES BUERMANN and AUGUST BUERMANN, as executors of the will of August Buermann, deceased; AUGUST BUERMANN, as general guardian of Emma Buermann and William Buermann; CHARLES BERNHARDT, as general guardian of August Bernhardt and of Henry Bernhardt, agt. THE NEW YORK PRODUCE EXCHANGE; EVA BUERMANN, individually, and EVA BUERMANN, as executrix of the will of August Buermann, deceased.

*Infants—Guardian—Actions in behalf of infants to recover personal property, should be brought in the name of the infants by a guardian ad litem—Code Civil Procedure, sections 469, 470, 476.*

A general guardian cannot sue in his own name to recover any personal property of his ward. The action must be brought in the name of the infant by means of a guardian *ad litem.* Sections 468, 469, 470, 472, 474, 476.

*Special Term, April,* 1886.

THE complaint alleged that August Buermann died being a member of the New York Produce Exchange which had a gratuity fund of $5,000, to be distributed to his widow and children on his death, but that in his life-time he had in his last will and testament given the fund solely to his children, his wife having executed a release of the same to him. The Produce Exchange refused to pay the money except one-half to the widow and one-half to the children or the general guardian of the minors. The two executors and the general guardians of the minor children thereupon joined in this action and sued the Produce Exchange and the widow individually and as executrix that the whole of the $5,000 be paid to them, and the widow be compelled to execute a release to the exchange.

*George F. Langbein,* for the widow and executrix, demurred, among other grounds :

1. That the general guardians had no right or power to sue in their own names to recover the share of the money belonging to the infants.

2. That they had not legal capacity to sue.

3. That no *guardian ad litem* had been appointed for the infants.

4. That the general guardians are improperly joined as parties with the other plaintiffs.

5. That there is a defect of parties in that the infants have not been made party plaintiffs by *guardian ad litem.*

He argued:

I. An infant can only sue by guardian *ad litem* regularly appointed on application to and order of the court.

The court may appoint the general guardian of the infant, the guardian *ad litem* in the action, but the general guardian cannot sue in his own name. This has always been the law, and is now the law more clearly since sections 468, 469, 470, 472, 474 and 476 of the Code of Civil Procedure.

1. Part 1, chapter 8, of the "domestic relations"; title 3, of "guardians and wards" (2 *R. S.*, 150 [3 *R. S., Banks Bros.*, 6th ed., 167]), gave power to a father to appoint a guardian *by deed or will* who "may maintain all proper actions, &c., as a guardian in socage might (*see secs.* 1, 2, 3)

*By section* 10. When the father did not appoint the surrogate may do so.

2. Guardians in socage could only sue about lands of the infant under fourteen years of age (*Byrnes* agt. *Van Hoesen*, 5 *Johns.*, 66).

3. Part 3, chapter 8, title 2, "proceedings by and against infants" (*secs.* 1, 2 and 3 [*Banks* 6th ed], *R. S.*, 731, *original paging* 446), makes it plain that an infant must sue in his own name by a guardian *ad litem* who is competent and responsible.

He also cited, *Matter of Fritz* (2 *Paige*, 375, 376), *Grantman* agt. *Thrall* (19 *Abb. Pr.*, 212), *S. C.* (29 *How. Pr.*, 310), *Hoyt* agt. *Hilton* (2 *Edw. Ch.*, 202), where the chancellor would not allow the father of infants who had been appointed their *general* guardian to sue to recover legacies without being first appointed guardian *ad litem* (*Bradley* agt. *Amidon*, 10 *Paige*, 237 ; a similar case, *citing pages* 239, 243 ; 2 *Kent's Com.* [12 ed.], 228, 229).

It was early decided that an infant can only sue by guardian *ad litem* (*see Cro. Jac.*, 4; *Cro. Eliz.*, 424; 1 *Roll. Abr.*, 287, *pl.* 3, 2 ; *Saund.*, 212, *n.* 5).

And so in any court (1807, *Mackey* agt. *Grey*, 2 *Johns.*, 192, *followed;* 1811, *Ackermann* agt. *Turell*, 8 *id.*, 418 ; 1823, *Bullard* agt. *Spoor*, 2 *Cow.*, 430 ; 1814, *Bradwell* agt. *Weeks*, 1 *Johns. Ch.*, 325 ; 1835, *Matter of Howes*, 2 *Edw. Ch.*, 484 ; 1848, *Hill* agt. *Thatcher*, 3 *How. Pr.*, 407 ; 1849, *Hurburt* agt. *Newell*, 4 *id.*, 93 ; 1850, *Litchfield* agt. *Burrell*, 5 *id.*, 345 ; 1855, *Hoflailing* agt. *Teal*, 11 *id.*, 188 ; 1858, *Croghan* agt. *Livingston*, 6 *Abb. Pr.*, 351, 352), where *real estate* of the infant is concerned, the action can only be brought by the guardian in socage, or the general guardian, and not by the infant (*Chappman* agt. *Tibbetts*, 33 *N. Y.*, 289 ; *Cagger* agt. *Lansing*, 64 *id.*, 417) ; and the objection in such case, as to the party plaintiff, must be taken by demurrer (*Seaton* agt. *Davis*, 1 *T. & C. Sup. Ct.*, 91 ; *see, also, Holmes* agt. *Seeley*, 17 *Wend.*, 78, *and sec.* 1686, *Code of Civ. Pro.*, *and Moore* agt. *Devoe*, 22 *Hun*, 208 ; *citing, also, secs.* 115 *and* 116 *in Howard's, Voorhies', and Wait's Old Code, and cases cited under each*).

II. The only case, *apparently*, in favor of the plaintiff is that of "*Edgar Thomas, General Guardian of Joel D. Thomas*, and *George Thomas* agt. *John C. Bennett* (56 *Barb.*, 197), which was brought in a justice's court by the general guardian in his own name, without the appointment of a guardian *ad litem*. The county court of Onondaga and the general term of that county, affirming the judgment April 7, 1868, FOSTER, MORGAN and MULLIN being the judges, and FOSTER, J., delivering the opinion of the court. The suit was about pension money to be paid by the United States government to the infants. Their general guardian employed the defendant to collect it for them, and he claimed he had forwarded it to them by mail. The plaintiff simply sued as guardian, and was allowed to amend by inserting the word "general" before the word "guardian." The defendant moved to dismiss the complaint on the ground the general guardian had no capacity to sue, and that a guardian *ad litem* must be appointed before the issuing of process, which was denied.

The only question raised on appeal was, whether the general guardian appointed by the surrogate could maintain the action in his own name as general guardian. The learned judge admits a guardian in socage could not sue about the personalty. He describes the powers of a testamentary guardian from Revised

Statutes, part 2 (1 *R. S.*, 150, *sec.* 3), and those appointed by a surrogate, and argues that there is no reason why such guardians, having charge of the personalty, should not have the right to sue for it. He thinks the legislature intended, by the loose language, to give general guardians the same rights to sue about the personalty that testamentary guardians have to sue about the realty..

He then admits that a general guardian cannot bring a suit in his own name against personal representatives of an estate, to compel payment over to him of his ward's share, but he says that is because *the share* has not been ascertained; they must be called to account first. The learned judge's attention was not called to the cases of *Hoyt* agt. *Hilton* (2 *Ed. Ch.*, 202), or *Bradley* agt. *Amidon* (10 *Paige*, 237), or many others, where suits brought to recover the *shares* of infants were dismissed, because of the general guardian had no right to sue, and not because the shares had not been ascertained, or because the personal representatives cannot be reached in that way. The learned judge then says: Section 3 of 1 Revised Statutes 150, received judicial construction in *White* agt. *Parker* (8 *Barb.*, 52), entirely ignoring part 3, chapter 8, title 2, page 731 of the Revised Statutes, "*Proceedings by and against Infants,*" as if not knowing such a statute law existed, and that the question was determined by it, and not by 1 Revised Statutes, section 3, page 150.

The learned judge also cites *Genet* agt. *Talmadge* (1 *Johns. Ch.*, 5), that the general guardian is entitled to the possession and care of the personalty. This is not disputed, but it gives him no right to sue for it, as of course. The infants are wards of the court.

The court has supervision over general guardians, and when there is a cause of action about the ward's property, the general guardian, or any other person, must apply to the court, and it will determine whether he is a proper person to be appointed to bring suit, and prosecute it, for its ward. The learned judge further said, " the powers and duties of guardians is analogous to executors." Be that so, the legislature has expressly given to executors the right to sue about the personalty; it has not done so with general guardians; on the contrary, it had always enacted special directions about suits in relation to infants' property.

Part 3, chapter 8, titles 2, 3, Revised Statutes (*5th ed., p.* 745), original paging 446, 447, 3 Revised Statutes (*6th ed., p.* 731). Section 471 (*Old Code*) superseded part of the above, and the two sections in the fifth edition were supposed to remain unaffected.

In the sixth edition of the Revised Statutes, page 731, there are three sections, instead of two, as in the fifth edition. The two sections in the fifth edition are sections 1 and 3. Section 2 of the sixth edition is not in the fifth edition

The learned judge also cites cases that committees of the estates of lunatics and habitual drunkards could sue in their own names, and reasons, therefore, general guardians can do so, his attention not being called to the fact that by Laws of 1845 (*sec.* 2, *p.* 95) these committees were specially authorized and empowered to do so. No statute or law, however, can be found that general guardians *ever* had such authority or power,; on the contrary, because there never was any, the court of chancery, the supreme court and all other courts, and the Codes of Procedure, have always required a guardian *ad litem* to be appointed about infants' rights and personal property, and it was not obligatory, but only discretionary, whether the general guardian was appointed guardian *ad litem* or not.

The rights and property of infants were never the rights and property of the general guardian. The latter is only entitled to the *possession* and *care* of the personalty, but the personalty and right are the property of, and belong to, the infant, and must be sued for in his own name and not in the name of the general guardian.

III. In *Segelken* agt. *Meyer* (14 *Hun,* 593), 2 Revised Statutes, 150, section 3, was again cited, and 2 Revised Statutes, 446, sections 1, 2 and 3 not alluded to. Judge GILBERT therefore, said, thinking a general guardian could sue as well as a guardian *ad litem:* "Such right of action rests upon his duty to take the control and management of the infant's personal estate." He continues, however: "The legal title to the moneys in controversy is vested in the infant, and his general guardian is merely his bailiff or trustee. As the moneys belong to the infant, I see no objection to the appointment of a guardian *ad litem* to sue for the recovery in a proper case," and then he cites *Thomas*

agt. *Bennett* (56 *Barb.*, 197), saying : " The only question here-- tofore has been, whether the general guardian could maintain an action to recover debts due the infants, and although that question has been set at rest, the converse one respecting the right of the infant by guardian *ad litem*, to maintain such an action has not, to my knowledge, been authoritively denied. The infant having a right to sue on the ground of his general property, it must be done by a guardian *ad litem* (*Code of Civ. Pro., secs.* 468, 469), who may, in some cases, be appointed on the application of the general or testamentary guardian. Section 476 also recognizes an appointment of the general guardian as guardian *ad litem* (*Shoul Dom. Rel.*, 592, *et seq., and authorities cited*)."

The same case is reported in 22 *Hun*, 6, where the general term reiterates the action was properly brought in the name of the infant by guardian *ad litem*. It is also reported on appeal in 94 *N. Y.*, 473. The suit being brought by the guardian *ad litem*, the point was taken it ought to have been brought by the general guardian, the contract being in writing, made by the general guardian with the defendant (*see* 478) on page 77. *Thomas* agt. *Bennett* (56 *Barb.*, 197) is contrasted with *Bradley* agt. *Amidon* (10 *Paige*, 235, 239) in favor of the latter. The court unanimously say, the property is in the infant and possession in the general guardian, and that a suit brought in the name of the infant by guardian *ad litem* is not improper.

IV. See, also, *Abbott's Forms*, vol. 1, page 51, head-note to chapter 5 and page 52 ; also, *Abbott's Digest*, vol. 7, title "guardian *ad litem*," head-note thereto, and head-note to title, " guardian and ward," in same volume, *Hahn* agt. *Van Dovern* (1 *E. D. Smith*, 411), *Wood* agt. *Wood* (8 *Wend.*, 358).

V. 2 Revised Statutes, 150, part 2, chapter 8, title 3 (3 *R. S.* [*6th ed.; Banks*], 167), was not repealed when the Civil Code of Procedure went into effect. Laws 1880, chapter 245, repeals all of title 3, except sections 1, 2, 3, 20 and 21. It repealed section 10, heretofore referred to. Section 3 is there still law.

2 Revised Statutes, 446, sections 1 to 3 (3 *Banks* [*6th ed.*], 731), being part 3, chapter 8, title 2, sections 1, 2, 3, have all been repealed by Laws 1880, chapter 245, and sections 468, 469, 472, 475 and 477 of the Code of Civil Procedure took their

place, which make it quite plain where an infant has a right. "*he*" is entitled to maintain an action thereon, and a guardian for the infant plaintiff *must* be appointed. *Section* 470 of the Code of Civil Procedure, taking the place of section 116 of sub-division 1 of the Old Code, shows that if the infant *has* a general guardian still a guardian *ad litem* must be appointed on his application.

VI. The case of *McDonald* agt. *Brass Goods Manuf. Co.* (2: *Abb. N. C.*, 434), cited in the *Matter of Mang* (50 *Super. Ct.*, 96), shows the strictness and jealous regard of the court for the appointment of a proper person to conduct a suit for an infant. as guardian *ad litem.*

*Otto Meyer* and *Frederick A. Card,* argued:

I. That by the by-laws of the New York Produce Exchange,. in the case of infants, the money was payable to their general guardian and, therefore, should sue it.

II. He has the care and custody of the personal property of the infant, and must gather and collect it in; he is to receive· it, and having a right to the care, custody, possession and control of the moneys he has the right to sue for it.

III. That *Thomas* agt. *Bennett* (56 *Barb.*, 197), had never been questioned, or reversed, and that *Segelken* agt. *Meyer* (14 *Hun*, 593), did not decide that a general guardian could not bring such action. It only held that a guardian *ad litem* could also do so.

O'GORMAN, *J.*— This action is brought by the general guardians of infants, to assert their claim against the New York Produce Exchange for $5,000, which became due and payable by that association to the widow and next of kin of August Buermann, deceased, and against Eva Buermann, the widow, who· demurs on the ground, among others, that the general guardians· had no right or power to sue in their own names to recover this. property belonging to the infants, and that suit could only be· properly brought by a guardian *ad litem.*

The question raised by this demurrer has not been altogether· free from doubt.

In *Segelken* agt. *Meyer* (94 *N. Y.*, 47), the court say, that it does not appear to have ever been decided by that court. It·

held, however, that that action was well brought in the name of the guardian *ad litem*.

The Code of Civil Procedure, which in sections 469, 470 and 476, requires that before a summons is issued in the name of an infant plaintiff, a competent person must be appointed to act as his guardian *ad litem*, and provides, also, that the general guardian may be appointed as guardian *ad litem*, sufficiently expresses the intent of the law as it now is, viz. : That by the intervention of that officer alone, an action on behalf of an infant can be brought, at least, in cases where the assertion of the infant's claim to recover personal property is concerned.

The case of *Cagger* agt. *Lansing* (64 *N. Y.*, 418), was decided before the adoption of the Code of Civil Procedure now in force. It was an action brought by the general guardian of infants to recover real estate, and it was held that their rights in such an action were enforcible by their mother as guardian in socage (*Id.*, 426).

The case at bar is concerned with the assertion of the claim of the infants, not to real estate, as to which alone a guardian in socage could have represented them in an action, but only to personalty, and the case last cited throws, therefore, no light on the present inquiry.

In my opinion the necessity of clear and uniform practice under the provisions of the Code of Civil Procedure above referred to, requires that the rule should be recognized, that in cases such as that at bar, the actions should always be brought in the name of a guardian *ad litem*, properly appointed, and that if brought in the name of the general guardian they are not well brought.

For these reasons this demurrer is sustained, with costs.