STERNBERGER *et al. v.* BERNHEIMER *et al.*

(*Superior Court of New York City, General Term.* January 7, 1889.)

1. JUDGMENT—ENTRY—APPEAL.
   Under Code Civil Proc. N. Y. § 1189, the duty of entering judgment upon a general verdict is upon the clerk; and, where one of several defendants claims that a judgment entered against him alone should have been entered against him and another defendant jointly, his remedy is not by appeal from the judgment, but by motion to the court, and then by appeal from the order made on such motion.

2. CONTRACTS—ACTION ON.
   In an action to charge the defendants upon a joint contract for the purchase of certain shares of stock, it was not error to refuse to dismiss the complaint on the ground that the only evidence showing a joint liability was that the stock was purchased by a "pool," where the testimony shows what was done in the "pool" under the joint order given by the defendants for the stock, and the acts and declarations of the parties showing what was meant by the use of the word "pool."

Appeal from jury term.

Action by Louis Sternberger and others against Meyer A. Bernheimer and others. The complaint alleged that plaintiff's assignor bought as stockbroker for the defendants jointly, and thereafter carried for them, a certain number of shares of stock in a railroad corporation, and that the defendants had failed to take up the stock, whereby plaintiffs had suffered loss. On the trial the evidence showed that the purchase of the stock was to be for the account of a "pool" consisting of the defendants.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*Jesse W. Lilienthal,* for appellant. *James M. Smith,* for respondents.

SEDGWICK, C. J. The action was upon a joint liability on contract. One defendant was not served, and did not appear. The trial proceeded against the other two defendants. The verdict was against one of these, and in favor

·of the other. Judgment was entered against the former individually, who is the appellant here. On the appeal he claims that the judgment should have been entered against him and the defendant not served jointly. The duty of ·entering judgment upon a general verdict is upon the clerk. See section 1189, Code Civil Proc. A mistake by him is to be remedied by motion to the court, .and then, if the motion be denied, by appeal from the order made. The remedy is not by an appeal from the judgment. *Wright* v. *Nostrand,* 94 N. Y. ·41, and the cases there cited. Upon the trial the defendant asked for a dismissal of the complaint, on the ground that the evidence did not show any joint venture or joint liability. The learned counsel for appellant supposes :that the only testimony that would tend to show a joint interest or contract ·was the use by witnesses of the word "pool," and he urges that the word "pool" is unknown to the law, and was not at all explained on the trial. This ·does not do justice to the evidence. The jury could know what was intended by the parties, because the testimony showed what was done in the "pool" under the joint order given by the parties, and the recognition by the appellant that the plaintiff had acted properly. I think, also, that so many decisions have been made concerning pools that resort to the cases might be made properly for a definition of the word. It is unnecessary to refer to them, be-·cause the acts and declarations of the parties showed what they meant when the word was used. The condition of the testimony would not justify a setting aside of the verdict, as against the weight of evidence. The judgment .and order appealed from should be affirmed, with costs.

INGRAHAM, J., concurs.