(20 Misc. Rep. 518.)

BARNETT et al. v. MOORE.

(Supreme Court, Special Term, St. Lawrence County. June, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—ADJOURNMENT—EFFECT.
        When a judgment debtor has been examined in supplementary proceedings, and an adjournment has been taken to a day certain, for further examination, if desired, of which notice is to be given to the debtor, but no notice is given, and on the adjourned day nothing is done except that the referee is requested by the creditor to adjourn the proceedings, the debtor cannot be required to hold himself in readiness for personal attendance, without a further order of the court, but the proceedings are still pending for the purpose of making a final order, and of requiring notice to the judgment creditor of an application for a receiver in other proceedings.

2. RECEIVER—NOTICE OF APPLICATION.
        After a judgment creditor had examined his debtor in supplementary proceedings, and had caused his proceedings to be indefinitely adjourned, he pointed out to the creditor in a supplementary proceeding subsequently commenced against the same debtor certain property of the debtor, and asked such creditor why he did not have a receiver appointed on his judgment. *Held*, that this amounted to a waiver of the priority of creditor in the proceeding first instituted, and of his right to notice of an application for a receiver in the later proceeding.

Action by Daniel B. Barnett and another against Frank W. Moore. Judgment for plaintiffs.   Other creditors of the judgment debtor moved to set aside the appointment of a receiver in supplementary proceedings.   Denied.

George E. Van Kennen, for plaintiffs.

Theo. H. Swift, for other creditors of judgment debtor.

RUSSELL, J. Judgment creditors of the debtor, other than the plaintiffs in this action, move to set aside the appointment of a receiver in supplementary proceedings, on the ground that those proceedings were taken subsequently to the initiation of the supplemental proceedings on their judgments while the same were pending, and without notice to those other judgment creditors. The earlier supplementary proceedings were conducted to an examination of the debtor, and practically such an examination was terminated, with the reservation, however, of a right to further examination in case the counsel for the creditors desired one after looking over the examination, and so the proceedings were adjourned to a definite day before the referee. Counsel for the creditors was, by agreement, to give due notice to the judgment debtor and his attorney if he desired a further examination on that day. The referee deposes that on the adjourned day he went to the office of the attorneys for the other judgment creditors, and was there informed by the leading counsel who had conducted the examination that he had not notified the parties or their attorney, and to adjourn the matter, and neither of the parties appeared, nor was anything further done in the proceedings. Upon this state of facts, undoubtedly, to revive the proceedings and continue the examination, it would have been necessary to have made application for a further order to the court or the judge, as the judgment debtor had the right to consider the examination at an end so far as the necessity of his personal attendance existed; and such proceedings cannot be held in life for indefinite and uncertain periods of time, so as to require the debtor, under the risk of contempt proceedings, to be ready to personally attend. But they are still pending for the purpose of making a final order for the appointment of a receiver, and are not ended by mere delay unless for so long a period of time as to justify the belief that they have been abandoned. Wright v. Nostrand, 94 N. Y. 41; Pitt v. Davison, 37 N. Y. 236; Gould v. Torrance, 19 How. Prac. 560; Underwood v. Sutcliffe, 10 Hun, 456. By the Code of Civil Procedure, notice to the judgment creditors having supplemental proceedings pending against the judgment debtor must be given, by those subsequently obtaining supplemental orders for the examination of the debtor, of any application for the appointment of a receiver. Code Civ. Proc. § 2465. The order, therefore, which was obtained in the present case, appointing a receiver of the judgment debtor, would have been irregular upon the facts stated were it not for the assent given on behalf of those judgment creditors to such action on the part of the plaintiffs herein. By the affidavit of one of the plaintiffs— Daniel B. Barnett—it appears that after the conclusion of the examination of the judgment debtor on the prior proceedings, and after the time the judgment debtor would have appeared if a further examination had been desired, one of the attorneys for the other judgment creditors asked one of the plaintiffs why he did not apply under his judgment, and have a receiver appointed of the property of the said judgment debtor, and pointed out a property source from which money

could be obtained to be applied upon the plaintiff's judgment. This was a notice to the plaintiffs that the other judgment creditors would not stand in their way of getting a receiver, and was a distinct waiver of the right of the other judgment creditors to insist upon their preference as to the right of appointment, priority, or notice; and, as this affidavit is uncontradicted, it is sufficient, with the affidavit of the referee and the judgment debtor and the attorney for the plaintiffs in this case, to show a justification on the part of the plaintiffs in applying for and obtaining the appointment of a receiver, and thus exhaust their remedies for the collection of the judgment, as those judgment creditors who had commenced their proceedings earlier apparently were willing they should do. The motion, therefore, is denied.

Motion denied.